PER CURIAM.
Petitioner Asplundh Tree Expert Co., a defendant in the court below, seeks certiorari review of an order compelling one of its attorneys to answer certain questions pertaining to a wood chipper which injured the plaintiff. The substantive areas of inquiry are protected by the attorney client privilege. § 90.502(2), Fla. Stat. (1995); United Servs. Auto Ass’n v. Crews, 614 So.2d 1213 (Fla. 4th DCA 1993). The communications between Asplundh’s attorney and the president of the codefendant, the company that sold the wood chipper, are also privileged as part of the common interests exception to the doctrine of waiver of privilege. See Rodan v. Doyle, 614 So.2d 1 (Fla. 4th DCA 1993); Visual Scene, Inc. v. Pilkington Brothers, PLC., 508 So.2d 437 (Fla. 3d DCA 1987). The letter from the codefendant to the customer referencing the advice of “our attorney’s” (sic) did not amount to a waiver of the confidentiality of any communications with Asplundh’s attorney that may have prompted her to give advice. See Prieto v. Union American Ins. Co., 673 So.2d 521, 522-23 (Fla. 3d DCA 1996). The only record evidence is that the eodefendant relied on the advice of an attorney other than Asplundh’s to make the decision mentioned in the letter. Because the privilege applies to the proposed *1201 substantive questions, the background questions are not discoverable. Having found that the privilege applies, we do not reach the issue of the procedural deficiencies in the order compelling the out-of-state attorney to give testimony.
The petition for certiorari is granted and the order compelling the deposition of attorney Hamm is quashed.
GUNTHER, C.J., and STEVENSON and GROSS, JJ., concur.