710 So.2d 697 (1998)
ORKIN EXTERMINATING COMPANY, INC., Petitioner,
v.
KNOLLWOOD PROPERTIES, LTD., etc., Respondent.
No. 98-755.
District Court of Appeal of Florida, Fifth District.
May 1, 1998.
Richard Dunegan and David B. Falstad, of Gurney & Handley, P.A., Orlando, for Petitioner.
No Appearance for Respondent.
GRIFFIN, Chief Judge.
Petitioner, Orkin Exterminating Company, Inc. ["Orkin"], seeks certiorari review of an *698 order requiring its expert to provide the identity of prior cases in which he has testified. Orkin is the defendant in the underlying action brought by respondent, Knollwood Properties, Ltd. ["Knollwood"].
Orkin retained C. Douglas Mampe, Ph.D., as an expert entomologist. Knollwood served a notice of taking deposition of Dr. Mampe, which included the request that Dr. Mampe bring with him a list of all cases for the past ten years, including court case numbers, in which he had testified or conducted an investigation or prepared the reports as an expert witness. In his deposition, Dr. Mampe was asked if he had brought such a list with him. Dr. Mampe responded:
No. That's just an impossible job. I probably have thirty a year. Go back seventeen years, that's a lot of cases; and I don't keep track of them once the case has been settled, closed, or disposed of in one form or another.
On further questioning it was clarified that Dr. Mampe did not necessarily testify in all of these cases in which he was engaged as an expert.
Knollwood subsequently filed a motion to compel Dr. Mampe or Orkin to produce a list of cases in which Dr. Mampe had testified in deposition or at trial, or alternatively, the documents from which such a list could be complied. A hearing was held, and the lower court granted the motion to compel, directing that Orkin provide Knollwood with the identity of the cases in which Dr. Mampe had testified, either by deposition or at trial, during the past three years. Because the expert indicated that he did not keep a list of his prior cases, the lower court provided that Orkin may comply with this order by providing a list of such cases to Knollwood or, alternatively, by producing billing records, 1099 forms or other documents within the control of Orkin or their expert for which the identity of the cases in which the expert has testified during the past three years may be determined. The court further stated that in the event Orkin does not comply with the order, the expert shall not be permitted to testify at trial. Orkin contends that this order violates principles set forth in the caselaw that an expert not be required to create documents that do not exist or that an expert not be required to produce financial or business records except under usual or compelling circumstances.
Florida Rule of Civil Procedure 1.280(b)(4)(A)(iii)3. provides that during discovery a party may obtain from a person expected to be called as an expert witness at trial the identity of other cases, within a reasonable time period, in which the expert has testified by deposition or at trial. The lower court reduced the number of years from ten to three in which the expert would have to identify prior cases in which he actually testified by deposition or at trial. This ruling is consistent with Syken v. Elkins, 644 So.2d 539 (Fla. 3d DCA 1994), approved, 672 So.2d 517 (Fla.1996).
Orkin asserts that because no list identifying the cases exists and because the only source documents the expert has are "financial or business" records, the court order violates Florida Rule of Civil Procedure 1.280(b)(4)(A)(iii)4, which provides that an expert may be required to produce financial and business records only under the most unusual or compelling circumstances.
We find no merit to this argument. Subsection (b)(4)(A)(iii) authorizes certain basic information to be discovered. If the expert is only able to supply the information by providing financial or business documents, it is appropriate to order it done. Whether the identity of the cases in which the expert has testified is an exception to the general exemption from discovery of financial or business records, or whether the inability to supply the information without reference to these documents qualifies as an unusual or compelling circumstance, does not matter. The expert must supply this information if requested and if the expert wishes to testify in a Florida court. The lower court was eminently correct in its ruling.
DENIED.
W. SHARP and GOSHORN, JJ., concur.