ANTOON, C.J.
Kimberly C. Gramman, the defendant in a pending personal injury case, seeks cer-tiorari review of an order compelling discovery from her medical opinion witness. The trial court’s order requires the expert, *689 Charles Gill, D.D.S., to disclose the identity of cases in which he has testified as well as remuneration he has received for past examinations, depositions, and courtroom testimony. We deny the petition regarding the identity of cases in which the expert participated as a witness. However, we grant the petition and quash the order to the extent that it requires the expert to produce or disclose the contents of his business records and his 1099 tax returns, because the trial court has not made a finding that unusual and compelling circumstances exist justifying this discovery.
Lisa and Jeremy Stachkunas sued Ms. Gramman, alleging Ms. Stachkunas had sustained various personal injuries as the result of the accident, including tempor-mandibular joint (TMJ) dysfunction. Pursuant to rule 1.360, Florida Rules of Civil Procedure, Ms. Stachkunas underwent a medical examination performed by Dr. Gill, a doctor selected by Ms. Gramman’s insurance carrier. After the examination, the Stachkunases took Dr. Gill’s deposition and carefully questioned him regarding his past involvement as an expert witness for insurance companies. The questions asked on deposition were directed to his record-keeping practices with regard to such examinations, the frequency with which he gives deposition and trial testimony, an estimation of the percentage of his income derived from expert witness work, an estimation of the percentage of such work done for plaintiffs and defendants, and the venues in which he had given trial testimony. Dr. Gill answered the questions without objection. Importantly, Dr. Gill was not asked to identify the cases in which he had given testimony for a reasonable time prior to the deposition.
During the ensuing fifteen months, the Stachkunases zealously pursued discovery, much of which related to Dr. Gill’s past work as an expert witness. The discovery relevant to this proceeding culminated with requests to produce documents and written interrogatories directed to Ms. Gramman and Dr. Gill regarding the doctor’s past work as an expert witness. The request to produce sought production of records including: 1) any and all billing records and payment records for “any independent and/or defense medical examinations” performed by Dr. Gill since 1996; 2) billing records for deposition or court testimony since 1996; and 3) 1099 forms for 1996-1998 in Dr. Gill’s possession or control from any insurance company which referred matters to Dr. Gill for medical opinion. One interrogatory asked the doctor and the defendant to identify the cases in which the doctor had testified as an expert during the preceding two years. To this question, Ms. Gramman responded that she was “without knowledge.” Other interrogatories asked what records the doctor possessed regarding “defense and/or independent medical examinations;” one of these questions pertained to records of payment for the examinations. The other interrogatories were essentially redundant of questions asked at the deposition or the request to produce, including a question which asked the doctor to state the money he was paid for each courtroom appearance since January 1, 1996. Ms. Gramman timely objected to the request for production and interrogatories.
After Ms. Gramman objected to this discovery, the Stachkunases filed a motion to compel. The trial court, obviously frustrated by the discovery procedure, lamented the increasing amount of time spent by trial judges in policing discovery procedure, stated, “rightly or wrongly, I grant the motion — both motions to compel.” Neither the oral ruling nor the blanket written order to comply with the requested discovery contained findings regarding the existence of any unusual or compelling circumstances.
Our supreme court decided Elkins v. Syken, 672 So.2d 517 (Fla.1996), in an effort to balance a party’s right to explore the bias of an opinion witness against unnecessary, intrusive, and burdensome discovery of the witness’ finances. The court *690 adopted eight criteria[1] to be used in limiting discovery of financial information from opposing opinion witnesses. Only upon a showing of the “most unusual or compelling circumstances” should an expert witness be required to disclose personal financial information. Id. at 521. In the instant case, the trial court did not make a finding that unusual or compelling circumstances existed.
At the hearing on the motions to compel, respondents cited Orkin v. Knollwood Properties, 710 So.2d 697 (Fla. 5th DCA 1998), in which this court held that discovery of an expert’s business and financial records was proper where they were the only documents the expert had that would comply with his discovery obligation to provide a list of prior cases in which he had testified during the past three years. See Fla. R. Civ. P. 1.280(b)(4)(A)(iii). The instant case is distinguishable, however, because the trial court has not found unusual or compelling circumstances justifying the production of financial records; i.e., the lack of other available records in which to satisfy the expert’s discovery obligation. Moreover, in Orkin, the expert provided no information regarding past cases, stating at deposition it was an impossible task. In the instant case, Dr. Gill at his deposition provided the information requested regarding his testimony in past cases.
Because Dr. Gill has not yet refused to identify past cases in which he has testified we do not reach the question of whether such a refusal would constitute a “most unusual or compelling circumstance.” However, we note that our courts and legislature have long recognized that those with specialized training or knowledge may be of valuable assistance to triers of fact searching for truth. To this end they have been generous in allowing parties to advance the testimony of such witnesses. Unfortunately, as we have increasingly made use of opinion testimony, some expert witnesses have become associated with and used by attorneys frequently representing a particular category of litigant. Nowhere is this practice more obvious than in personal injury litigation. It is doubtful that there is any Florida community of significant size where certain medical professionals are not known as either “plaintiffs experts” or “defendant’s experts.” These monikers are due to the predictability of the professional’s testimony. In this climate the search for truth requires that at the very least expert witnesses be required to identify the cases in which they have given opinion testimony allowing the other side to explore then-possible bias. This requirement that an expert witness identify those cases in which the witness has given opinion testimony for the preceding three years is modest and requires a minimum amount of *691 preparation. And if they fail to provide this information, it is reasonable that the opposing party be allowed to discover records that would disclose any existing financial motive for their testimony.
In conclusion, the discovery order which compels petitioner and the independent medical expert to answer interrogatories regarding the expert’s financial remuneration for past examinations, depositions, and courtroom testimony must be quashed. The trial court departed from the essential requirements of law in compelling this discovery, and in requiring the expert to produce his billing/payment records and 1099s regarding his prior work as an expert in other cases.
Petition GRANTED; discovery order QUASHED in part.
COBB and PETERSON, JJ., concur.

.
1. The medical expert may be deposed either orally or by written deposition.
2. The expert may be asked as to the pending case, what he or she has been hired to do and what the compensation is to be.
3. The expert may be asked what expert work he or she generally does. Is the work performed for the plaintiffs, defendants, or some percentage of each?
4. The expert may be asked to give an approximation of the portion of their professional time or work devoted to service as an expert. This can be a fair estimate of some reasonable and truthful component of that work, such as hours expended, or percentage of income earned from that source, or the approximate number of IME’s -that he or she performs in one year. The expert need not answer how much money he or she earns as an expert or how much the expert's total annual income is.
5. The expert may be required to identify specifically each case in which he or she has actually testified, whether by deposition or at trial, going back a reasonable period of time, which is normally three years. A longer period of time may be inquired into under some circumstances.
6. The production of the expert's business records, files, and 1099’s maybe ordered produced only upon the most unusual or compelling circumstance.
7. The patient’s privacy must be observed.
8. An expert may not be compelled to compile or produce nonexistent documents.
Elkins, 672 So.2d at 521.