798 So.2d 1 (2001)
MORGAN, COLLING & GILBERT, P.A., Petitioner,
v.
James E. POPE, M.D., Heartcare Institute of Tampa, P.A., Alise Pastorik, Arnp, and Florida Medical Clinic, P.A., Respondents.
No. 2D01-97.
District Court of Appeal of Florida, Second District.
July 25, 2001.
*2 H. Scott Bates of Morgan, Colling & Gilbert, P.A., Orlando, for Petitioner.
Thomas Saieva and Leslie A. Stine of Saieva, Rousselle & Stine, P.A., Tampa, for Respondents.
CASANUEVA, Judge.
The petitioner (Morgan Colling) seeks certiorari review of a pretrial discovery order. We dismiss the petition.
Morgan Colling represents the plaintiff in a medical malpractice action against the respondents. Pursuant to a pretrial order, the plaintiff disclosed the identity of two medical expert witnesses. Although each physician was deposed, neither was able to provide sufficient information regarding its financial relationship with Morgan Colling. The respondent then sought production of the information directly from Morgan Colling, which moved for a protective order. After a hearing, the circuit court ordered Morgan Colling to produce deposition and trial transcripts of the expert witnesses that it possessed as well as copies of billing invoices submitted by the experts to Morgan Colling for the previous three years, including those submitted for the pending malpractice action.[1] Now, Morgan Colling seeks certiorari review of that order in this court.
Appellate courts do not have automatic certiorari jurisdiction to review every discovery order, even if erroneous. Instead, review by certiorari is "appropriate when a discovery order departs from the essential requirements of law, causing material injury to a petitioner throughout the remainder of the proceedings below and effectively leaving no adequate remedy on appeal." Allstate Ins. Co. v. Langston, 655 So.2d 91, 94 (Fla.1995). Often, discovery of financial information will not create irreparable harm. Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla. 1987).
Our analysis begins with Allstate Insurance Co. v. Boecher, 733 So.2d 993 (Fla. 1999), which provides guidance on the underlying policy that might sanction disclosure of the sought-after information but which contains a significant and obvious factual distinction. In Boecher the discovery order was directed to a named party, Allstate Insurance Company. In this case, however, the order is directed to the nonparty attorneys of the plaintiff. Nevertheless, the supreme court focused in Boecher on the jury's truth-seeking function and the corresponding fairness of a jury trial. That focus is no less applicable to this situation than it was in Boecher. Furthermore, there exist a number of significant factual similarities between Boecher and this matter:
(1) Each respondent inquired into the extent of a financial relationship between an expert witness and a key actor in the pending litigation.
(2) The sought-after information would reveal how much money the expert made from its relationship with the petitioner.
(3) The information is directly relevant to the respondent's efforts to demonstrate a witness's bias. As the supreme court implied in Boecher, the more extensive and ongoing the financial relationship between *3 the party and the expert witness, the greater the witness's interest in continuing that relationship. Boecher, 733 So.2d at 993 ("[W]hen the discovery sought is from the party who has employed the expert regarding the extent of that party's relationship with the expert and the financial remuneration paid by the party to the expert witness over a period of time[,] ... [t]he opposing party has no corresponding `right' to prevent this discovery.") A witness's financial incentive to continue an advantageous association is no less applicable to an attorney who hires the witness than to a party who does the same thing and, in either instance, could indicate a degree of bias not immediately apparent to a jury.
(4) Limiting discovery of this information would affect the truth-seeking function of a jury, for the failure to present any ultimately admissible information would diminish the jury's right to assess the potential bias of the witness. As the Third District recently explained in Flores v. Miami-Dade County, 787 So.2d 955 (Fla. 3d DCA 2001), "As illustrated by Elkins v. Syken, 672 So.2d 517 (Fla.1996), and Florida Rule of Civil Procedure 1.280(b)(4)(A), there must be reasonable latitude for inquiry about the extent of a trial expert's alignment with one side, or another, of litigation practice."
In considering a petition for certiorari the reviewing court's first duty is to assess whether the petitioner has made a prima facie showing that the order creates irreparable harm. If the petitioner does not make such a showing, the court lacks jurisdiction and will dismiss the petition. Bared & Co. v. McGuire, 670 So.2d 153, 157 (Fla. 4th DCA 1996) (en banc), cited in Boecher, 733 So.2d at 999. Here, we find that discovery of the financial relationship between the attorneys and the expert witnesses does not create irreparable harm. If an error is made at trial concerning the admissibility or use of that information, there can be adequate redress through a plenary appeal.
Furthermore, the discovery the respondents seek does not impinge a fundamental right, nor does it invade a privilege. The circuit court ordered the information to be compiled in redacted form, so that no privileged attorney-client information will be revealed. The kind of material sought is the same type of information that must be reported to the federal government for income tax purposes, so its disclosure is not fundamentally harmful. Thus, we have concluded that the harm of which Morgan Colling complains is not the type of irremediable damage reviewable by certiorari. Martin-Johnson, 509 So.2d at 1099.
Even if we were to consider that irreparable harm had been shown and decided to consider the petition on its merits, see Bared v. McGuire, 670 So.2d at 157, we would hold that the order under review does not depart from the essential requirements of the law. Recently, the Fifth District, in dicta, has suggested that "a defendant may question a plaintiff about any relationship between his or her attorney and the plaintiff's expert." Springer v. West, 769 So.2d 1068, 1069 (Fla. 5th DCA 2000). This conclusion is a natural and logical extension of the requirement that defendant insurance companies disclose their financial relationships with their chosen expert witnesses. Thus, rather than departing from the essential requirements of the law, the circuit court's order conforms to the trend insuring fairness in the jury trial process by permitting discovery of a financial relationship between a witness and a party or representative.
*4 Finally, we observe that neither expert was able to provide documentary information regarding his relationship with Morgan Colling. Production of information such as the taxpayer identification number and 1099 forms, which are generally discoverable, Olivas v. Bravo, 795 So.2d 103 (Fla. 3d DCA 2001), might have rendered the discovery request directed to the petitioner moot or inappropriate.
The petition is dismissed for lack of jurisdiction.
WHATLEY, A.C.J., and GREEN, J., Concur.
NOTES
[1] We note that Morgan Colling did not object to the production of either the deposition or trial transcripts; rather, its challenge to the circuit court's order is confined to the production of invoices.