805 So.2d 1091 (2002)
CITY OF OLDSMAR, a political subdivision of the State of Florida, Petitioner,
v.
KIMMINS CONTRACTING CORP., a Florida corporation, and Department of Transportation, Respondents.
No. 2D01-3003.
District Court of Appeal of Florida, Second District.
February 1, 2002.
*1092 George E. Spofford, IV, and Jennifer Newsom of Glenn Rasmussen Fogarty & Hooker, P.A., Tampa, for Petitioner.
John H. Rains, III, of John H. Rains, P.A., Tampa, and Jodi L. Corrigan of Jodi Corrigan, P.A., Largo, for Respondent Kimmins Contracting Corp.
No appearance for Respondent Department of Transportation.
SCHEB, JOHN M., Senior Judge.
The City of Oldsmar (the City) petitions this court for a writ of certiorari to prevent Kimmins Contracting Corp. (Kimmins) from deposing the City's trial counsel. Because this court lacks jurisdiction, we dismiss the petition.
The litigation pending in the trial court involves Kimmins' suit for breach of contract against the Department of Transportation (DOT). DOT filed a third-party complaint seeking indemnity from the City for any liability to Kimmins. When Kimmins sought to take a discovery deposition of George E. Spofford, the City's trial counsel, the City moved for a protective order, contending that taking the deposition posed a risk to disclosure of its work product and impinged on its attorney-client communications.
At the hearing on the City's motion, the court reviewed Mr. Spofford's affidavit in support of the City's motion. In his affidavit Mr. Spofford stated that he was hired by the City to serve as the City's legal counsel and serves in that capacity. In opposition, Kimmins presented an affidavit of John Zemina, its vice president, who stated that during the course of the construction project that is the subject of this litigation, Mr. Spofford was identified as the City's claim consultant and not as an attorney. He further stated that Mr. Spofford actively participated in the jobsite meeting and attempted negotiations of claim issues. After hearing argument of counsel, the trial court allowed the deposition to be taken for the limited purpose of finding out what role Mr. Spofford played. The court ruled that if the deposition revealed that Mr. Spofford's role was solely as trial counsel, then "at that point the deposition will stop." The court requested counsel to schedule the deposition at a time when the court would be available to address any questions that might arise.
Because orders granting discovery have the capacity for irreparable injury, they may be candidates for review by certiorari. The theory is that once discovery has been compelled, relief by appeal cannot remedy the defect because certain *1093 kinds of information may reasonably cause material injury of an irreparable nature. Allstate Ins. Co. v. Langston, 655 So.2d 91 (Fla.1995); see Zuberbuhler v. Dep't of Transp., 344 So.2d 1304, 1305 (Fla. 2d DCA 1977) (granting certiorari to prevent improper discovery because on appeal the court cannot "unring the bell"). Thus, before the reviewing court can consider a petition for certiorari, it must first "assess whether the petitioner has made a prima facie showing that the order creates irreparable harm. If the petitioner does not make such a showing, the court lacks jurisdiction and will dismiss the petition." Morgan, Colling & Gilbert, P.A. v. Pope, 798 So.2d 1, 2 (Fla. 2d DCA 2001). The reviewing court must make this determination before it addresses whether the trial court departed from the essential requirements of the law. Parkway Bank v. Fort Myers Armature Works, Inc., 658 So.2d 646 (Fla. 2d DCA 1995).
Florida Rule of Civil Procedure 1.310(a) permits the taking of a deposition of "any person"; however, subsection (d) of the rule also recognizes that the trial court has broad discretion to control the use of discovery procedures. Generally, a party seeking to resist discovery has the burden of establishing good cause to obtain a protective order, Medina v. Yoder Auto Sales, Inc., 743 So.2d 621 (Fla. 2d DCA 1999), and when the information sought is wholly protected by the attorney-client privilege, courts will properly issue a protective order. Asplundh Tree Expert Co. v. Barnes, 689 So.2d 1200 (Fla. 4th DCA 1997).
We agree with the City that the law imposes a heavy burden on a party seeking to obtain work product, see Intercontinental Props., Inc. v. Samy, 685 So.2d 1035 (Fla. 3d DCA 1997), and requires strict adherence to maintaining the confidential nature of attorney-client communications. See § 90.502, Fla. Stat. (1999). Here, the trial court determined it was proper to allow Kimmins to simply discover the role that Mr. Spofford played in connection with the litigation. The court stated that if it was revealed that Mr. Spofford's role was limited to representation of the City in his capacity as a lawyer, the deposition would end at that point. Commendably, the trial court requested that the deposition be taken at a time when the court would be readily available to rule on any question that might arise. Because the City failed to show that irreparable material injury would result from the taking of the deposition under the conditions the trial court imposed, we dismiss the petition.
Dismissed.
STRINGER and DAVIS, JJ., Concur.