PARKER, Judge.
The estate of Lisa McPherson, by and through the personal representative, Dell Liebreich (the estate), petitions this court for a writ of certiorari to quash a discovery order that grants a request by the respondent, the Church of Scientology Flag Service Organization, Inc. (the church), for production of documents. We grant the writ and quash the discovery order.
The estate filed a wrongful death action against the church for the death of Lisa McPherson. McPherson died while in the care of church staff members. The parties’ medical experts disagree on the cause of McPherson’s death. At issue here is a discovery order the trial court entered pursuant to the church’s forty-first request for production. The challenged order requires the estate to produce the following:
Plaintiffs counsel is to provide, within 20 days, all documents in his possession, custody or control concerning the payment by Robert Minton or any other entity associated with Robert Minton, directly or indirectly, during the period of January 1, 2000 to the present, of any sum of money exceeding $500 to the plaintiff or her attorney or any representative or agent of plaintiff, intended for any cost, expense, or fee associated with this litigation, including, without limitation, any deposit slips, bank statements, checks, wire transfer records and bank drafts.
In previous discovery, Minton admitted that he had provided one million dollars to the estate’s attorney to aid in the funding of this wrongful death action. In a later deposition, Minton asserted his Fifth Amendment rights and refused to provide any testimony concerning any additional money he has provided to fund the estate’s litigation expenses.
Certiorari review “is appropriate when a discovery order departs from the essential requirements of law, causing material injury to a petitioner throughout the remainder of the proceedings below and effectively leaving no adequate remedy on appeal.” Allstate Ins. Co. v. Langston, 655 So.2d 91, 94 (Fla.1995). First, to determine whether this court has jurisdiction for certiorari review, we must “assess whether the petitioner has made a prima facie showing that the order creates irreparable harm.” Morgan, Colling & Gilbert, P.A. v. Pope, 798 So.2d 1, 8 (Fla. 2d DCA 2001). We recognize that the disclosure of irrelevant information does not necessarily create irreparable harm. See Langston, *1034 655 So.2d at 94; Morgan, Colling & Gilbert, 798 So.2d at 2. Under the circumstances here, however, we agree with the estate that if the challenged discovery is allowed, it will create irreparable harm that cannot be remedied on plenary appeal. Here, the defendant in a wrongful death case is seeking information from the plaintiff and its counsel regarding Minton’s contributions to fund the litigation. As the estate contends, this will create a chilling effect on receiving future funding. Furthermore, the estate points out that if it is forced to disclose how much money it has to spend on litigation prior to the conclusion of the case, the church will know how long the estate “can last before it has to throw in the towel due to lack of funds.” The fact that this is the church’s forty-first request for production bolsters the conclusion that the church will litigate until the estate can no longer afford to continue. With this in mind, we hold that the production of the requested documents will cause the estate to suffer irreparable harm.
Second, this court must consider whether the trial court departed from the essential requirements of law. See City of Oldsmar v. Kimmins Contracting Carp., 805 So.2d 1091 (Fla. 2d DCA 2002). The trial court’s discovery order requires the estate and its counsel to produce documents to the church that reveal Minton’s funding for this litigation. “Discovery in civil cases must be relevant to the subject matter of the case and must be admissible or reasonably calculated to lead to admissible evidence.” Langston, 655 So.2d at 94; see Fla. R. Civ. P. 1.280(b)(1). We have thoroughly reviewed the church’s lengthy response and attachments and conclude that the information sought is not reasonably calculated to lead to the discovery of admissible evidence in the trial of this wrongful death action. Although the church argues that Minton is a nonparty who appears to control the estate’s attorney and witnesses through his “investment” in this case, we conclude, based upon the record provided to this court, that this amounts to nothing more than speculation. See Am. Med. Sys., Inc. v. Osborne, 651 So.2d 209, 211 (Fla. 2d DCA 1995) (recognizing that discovery is an improper “fishing expedition” when there is no connection between the discovery sought and the injury claimed). Under the circumstances here, we conclude that the trial court’s order is a departure from the essential requirements of the law.
The petition for writ of certiorari is granted, and the trial court’s order granting the church’s forty-first request for production is quashed.
WHATLEY and CASANUEVA, JJ., Concur.