DAMOORGIAN, C.J.
In the underlying negligence action arising from an automobile accident, the trial court ordered the law firm to “provide a list of all payments made to Dr. Theofilos [the plaintiffs treating physician] over the last 3 years (all client or patient information shall be redacted).” The discovery encompasses all payments made in connection with the present or past litigation. The doctor in this case is expected to provide expert opinions at trial. The law firm petitions for a writ of certiorari to quash the discovery order.
A law firm’s financial relationship with a doctor is discoverable on the issue of bias. See Morgan, Colling & Gilbert, P.A. v. Pope, 798 So.2d 1, 2 (Fla. 2d DCA 2001) (“Limiting discovery of this information would affect the truth-seeking function of a jury, for the failure to present any ultimately admissible information would diminish the jury’s right to assess the potential bias of the witnesss.”). At his deposition, the doctor denied having any records and provided “nebulous testimony” in connection with the number of his patients who were represented by the law firm. Under these circumstances, the law firm is an appropriate source of this information. Steinger, Iscoe & Greene, P.A. v. GEICO Gen. Ins. Co., 103 So.3d 200, 206 (Fla. 4th DCA 2012). The trial court did not depart from the essential requirements of law.

Petition Denied.

TAYLOR and LEVINE, JJ., concur.