DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**KRISTINA MICHELLE BRANA, ROSCOX CORPORATION,**
and **JORDAN GRABEL, M.D.,**
Petitioners,

v.

**ADOLFO ROURA,**
Respondent.

Nos. 4D14-639 and 4D14-677

[August 20, 2014]

Consolidated petitions for writ of certiorari to the Nineteenth Judicial Circuit, St. Lucie County; Dwight L. Geiger, Judge; L.T. Case No. 562012 CA002123.

Carri S. Leininger of Williams, Leininger & Cosby, P.A., North Palm Beach, for petitioners, Kristina Michelle Brana and Roscox Corporation.

Ian E. Robinson of Adams | Coogler, P.A., West Palm Beach, for petitioner, Jordan Grabel, M.D.

Bard D. Rockenbach of Burlington & Rockenbach, P.A., West Palm Beach, Ronald M. Rowars, P.A., Port St. Lucie, and Custer~McGovern, Lake Worth, for respondent.

PER CURIAM.

We grant the consolidated petitions for writ of certiorari, and quash the trial court's orders denying petitioners' motions for protective order filed on September 27 and October 2, 2013. Respondent's subpoenas issued to hospitals where petitioner Grabel performed spinal surgeries sought "each and every document . . . to include all records, pertaining to [Dr. Grabel]." As worded, the subpoenas would require the production of confidential medical records of Dr. Grabel's patients. However, respondent failed to show to the trial court that he complied with the notice provisions of section 456.057(7)(a), Florida Statutes (2012), which requires notice to patients whose medical records are sought before issuance of a subpoena

for the records by a court of competent jurisdiction. *Coopersmith v. Perrine,* 91 So. 3d 246 (Fla. 4th DCA 2012).

Respondent's subpoenas issued to insurance carriers requiring disclosure of financial information concerning payments made by those carriers to Dr. Grabel for services provided as a litigation expert seek information protected from disclosure by Florida Rule of Civil Procedure 1.280(b)(5)(A)(iii)4., which states "the expert shall not be required to disclose his or her earnings as an expert witness or income derived from other services." *Elkins v. Syken,* 672 So. 2d 517, 522 (Fla. 1996); *Gramman v. Stachkunas,* 750 So. 2d 688, 690 (Fla. 5th DCA 1999). A subpoena may not be used to secure discovery of financial or business records concerning a litigation expert unless "unusual or compelling circumstances" have been shown. *Smith v. Eldred,* 96 So. 3d 1102, 1104 (Fla. 4th DCA 2012); *Miller v. Harris,* 2 So. 3d 1070, 1073 (Fla. 2d DCA 2009). The trial court's orders denying petitioners' motions for protective orders do not state any basis for a finding of unusual or compelling circumstances in this case.

Accordingly, the trial court's orders denying petitioners' motions for protective order are vacated and remanded for further proceedings consistent with this opinion.

*Petitions granted; orders denying motions for protective orders vacated and remanded with directions.*

GROSS, CONNER and KLINGENSMITH, JJ., concur.

\*　　　\*　　　\*

***Not final until disposition of timely filed motion for rehearing.***