DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JORDAN GRABEL, M.D.,** and **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,**
Petitioners,

v.

**LINDA STERRETT** and **MICHAEL STERRETT,**
Respondents.

No. 4D14-4780

[April 29, 2015]

Petition for writ of certiorari to the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Timothy P. McCarthy, Judge; L.T. Case No. 502011CA15003XXXXMBA.

Ian E. Robinson of Adams|Coogler, West Palm Beach, for Petitioner, Jordan Grabel, M.D., and Warren Kwavnick of Cooney Trybus Kwavnick Peets, Fort Lauderdale, for petitioner State Farm Mutual Automobile Insurance Company.

Gary E. Susser of Gary E. Susser, P.A., Boynton Beach, for respondents.

MAY, J.

The parameters of discovery from expert witnesses are questioned in this petition for writ of certiorari. A non-party, medical expert, retained by the insurance company to conduct a compulsory medical examination, petitions this Court for a writ of certiorari to quash an order of the circuit court that overruled the expert's objections to a subpoena duces tecum. He argues the court departed from the essential requirements of the law in overruling his objections. We agree and grant the petition.

The plaintiffs filed an uninsured motorists' claim against their insurer. They served a Notice of Video-Taped Deposition, Duces Tecum, of the doctor who performed the compulsory medical examination for the insurer. The subpoena requested the doctor to bring items described in thirty-three paragraphs. The doctor objected to certain items; State Farm moved for a protective order asserting the same objections.

The parties agreed to some of the objections, the trial court sustained some, and overruled others. The overruled objections are the subject of this petition. The relevant requests were found in paragraphs 10, 14, and 27.

Paragraphs 10, 14, and 27 requested production of the following:

10. Copies of all billing invoices submitted by Dr. Grabel to the Defendants, Defendants' attorneys including Shawn Patrick Spellacy, Esq., Kirwan & Spellacy, PA, the Defendants' insurer (State Farm), or agents, or the law firm of Kirw[a]n & Spellacy, P.A., (hereinafter defense law firm), and/or any predecessor and/or successor law firm and/or any of the attorneys presently or formerly employed at the law firm during the years 2009 through 2014 inclusive . . . .

14. A document and/or statement that includes the total amount of money paid by or on behalf of the Defendants and/or their attorneys and/or the defense law firm, and/or any predecessor and/or successor law firm, and/or any of the attorneys presently or formerly employed at the law firm, and/or the Defendants' insurer (State Farm), to Dr. Grabel for work the expert performed as an expert witness on behalf of the Defendants, the Defendants' attorney, Shawn Patrick Spellacy, Esq., Kirwan & Spellacy, PA, and/or the defense law firm, and/or any predecessor and/or successor law firm, and/or any of the attorneys presently or formerly employed at the law firm, and/or the Defendants' insurer (State Farm), during the years 2009 through 2014 . . . .

27. All documents evidencing the amount or percentage of work performed by Dr. Grabel on behalf of any Defendant and/or defense law firm and/or insurance carrier, during the years 2009 through 2014 inclusive, including without limitation time records, invoices, 1099's or other income reporting documents . . . .

The doctor and insurer objected that "the request[s] [were] unduly burdensome, not reasonably limited in time, and beyond permissible expert witness discovery under Rule 1.280(b)(5)(A)(iii) and *Elkins v. Syken*, 672 So. 2d 517 (Fla. 1996)[.]" The trial court overruled the objections, but limited the requests to three years. The court did not address the doctor and insurer's objections that the discovery exceeded that allowable by Rule

1.280(b)(5)(A)(iii), did not find "unusual or compelling circumstances", but compelled the discovery. With regard to paragraph 14, the court ordered the doctor to produce any existing document and to file a statement of record if the document did not exist. If the records and income reporting of 1099's requested in paragraph 27 were kept as a group, the doctor was ordered to produce them. If they were not kept as a group or within the course of business, the doctor was not required to produce them, but was to amend his response to reflect the non-existence of those documents.

Certiorari review is discretionary, but before relief may be granted from a non-appealable, non-final order, the petition must establish a departure from the essential requirements of law resulting in material injury that cannot be corrected on post-judgment appeal. *Williams v. Oken*, 62 So. 3d 1129, 1132 (Fla. 2011) (citing *Reeves v. Fleetwood Homes of Fla., Inc.*, 889 So. 2d 812, 822 (Fla. 2004)).

Disclosure of otherwise private financial information can result in irreparable harm if petitioner affirmatively establishes the discovery is irrelevant to any issue in the litigation. *See Bd. of Trs. of Internal Improvement Trust Fund v. Am. Educ. Enters., LLC*, 99 So. 3d 450, 458 (Fla. 2012). Petitioner is a non-party, so to the extent the order compels production of cat-out-of-the-bag information, certiorari jurisdiction lies. *See Martin–Johnson, Inc. v. Savage*, 509 So. 2d 1097, 1100 (Fla. 1987); *Katzman v. Rediron Fabrication, Inc.*, 76 So. 3d 1060, 1062 (Fla. 4th DCA 2011), *rev. dismissed*, 88 So. 3d 149 (Fla. 2012).

The discovery order in this case departs from the essential requirements of law because it compels discovery clearly beyond that permitted by the rules of procedure.

Florida Rule of Civil Procedure 1.280(b)(5) establishes the parameters of discovery directed to a non-party retained expert.

> (5) Trial Preparation: Experts. Discovery of facts known and opinions held by experts, otherwise discoverable under the provisions of subdivision (b)(1) of this rule and acquired or developed in anticipation of litigation or for trial, may be obtained *only* as follows:
>
> (A)
> . . . .
> (iii) A party may obtain the following discovery regarding any person disclosed by interrogatories or otherwise as a person expected to be called as an expert witness at trial:

1. The scope of employment in the pending case and the compensation for such service.

2. The expert's general litigation experience, including the percentage of work performed for plaintiffs and defendants.

3. The identity of other cases, within a reasonable time period, in which the expert has testified by deposition or at trial.

4. An approximation of the portion of the expert's involvement as an expert witness, which may be based on the number of hours, percentage of hours, or percentage of earned income derived from serving as an expert witness; *however, the expert shall not be required to disclose his or her earnings as an expert witness or income derived from other services.*

*An expert may be required to produce financial and business records only under the most unusual or compelling circumstances and may not be compelled to compile or produce nonexistent documents. . . .*

Fla. R. Civ. P. 1.280(b)(5) (emphasis added).

The rule's purpose is to protect experts from the annoyance, embarrassment, oppression, undue burden, or expense associated with discovery of financial information. *See Allstate Ins. Co. v. Boecher*, 733 So. 2d 993, 996 (Fla. 1999). Without making any finding of "the most unusual or compelling circumstances" that might justify the production of financial or business records, the trial court ordered the doctor to produce financial and business records beyond that allowed by the rule. The court erred in overruling the objections. All three requests exceed the scope of discovery permissible under Rule 1.280(b)(5)(A)(iii) and *Elkins v. Syken*, 672 So. 2d 517 (Fla. 1996).

As to paragraph 14, the trial court found the discovery permissible based on *Brown v. Mittelman*, 152 So. 3d 602 (Fla. 4th DCA 2014). But, *Brown* held that Rule 1.280 does not apply to discovery sought from a treating doctor. This doctor is not a treating doctor.

Rule 1.280 limits discovery from experts who are obviously hired by one party to the litigation. The limitations were deemed necessary to prevent

overly intrusive and harassing financial discovery which serves "only to emphasize in wholly unnecessary detail what everyone knows to be the case and what would be apparent to the jury on the simplest cross-examination[.]" *LeJeune v. Aikin*, 624 So. 2d 788, 789–90 (Fla. 3d DCA 1993) (Schwartz, C.J., specially concurring).

There is no dispute that the doctor here is an expert witness retained by the insurer, and protected by Rule 1.280. He candidly testified that 99 percent of his litigation work is on behalf of the defense. He has testified for the defense on 57 occasions related to examinations since 2006. He appeared at his deposition and provided the information required by Rule 1.280(b)(5). And, as noted by the insurer's counsel, plaintiff has obtained, or can obtain, records regarding payments from the insurer to the doctor, pursuant to *Allstate Insurance Co. v. Boecher*, 733 So. 2d 993 (Fla. 1999). This is more than sufficient information to reveal any potential bias.

In *Elkins v. Syken*, 672 So. 2d 517 (Fla. 1996), our supreme court outlined the parameters for expert discovery now found in Rule 1.280(b)(5)(A). The court wrote that "[t]he production of the expert's business records, files, and 1099's may be ordered produced only upon the most unusual or compelling circumstance." *Id.* at 521.

In *Gramman v. Stachkunas*, 750 So. 2d 688 (Fla. 5th DCA 1999), the Fifth District quashed an order requiring a medical expert to disclose his billing records and payments for past medical examinations and 1099 forms from insurance companies, which had referred matters to the expert for a medical opinion.

> [T]he discovery order which compels [the defendant] and the independent medical expert to answer interrogatories regarding the expert's financial remuneration for past examinations, depositions, and courtroom testimony must be quashed. The trial court departed from the essential requirements of law in compelling this discovery, and in requiring the expert to produce his billing/payment records and 1099s regarding his prior work as an expert in other cases.

*Id.* at 691.

We recently quashed an order allowing a subpoena that sought disclosure of payments made by insurance companies to the defense expert for services provided as a litigation expert. This Court quoted Rule 1.280(5)(b)(A)(iii), which provides that "the expert shall not be required to

disclose his or her earnings as an expert witness or income derived from other services." *Brana v. Roura*, 144 So. 3d 699, 700 (Fla. 4th DCA 2014). This Court also stated, "[a] subpoena may not be used to secure discovery of financial or business records concerning a litigation expert unless 'unusual or compelling circumstances' have been shown[,]" and that "[t]he trial court's orders denying petitioners' motions for protective orders do not state any basis for a finding of unusual or compelling circumstances in this case." *Id.*

For these reasons, we grant the petition.

*Petition Granted.*

LEVINE and KLINGENSMITH, JJ., concur.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***