DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JORDAN GRABEL, M.D., KRISTINA MICHELLE BRANA,** and **ROSCOX CORPORATION,**
Petitioners,

v.

**ADOLFO ROURA,**
Respondent.

Nos. 4D15-194 & 4D15-199

[September 9, 2015]

Consolidated petitions for writ of certiorari to the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Dwight L. Geiger, Judge; L.T. Case No. 562012CA002123.

Ian E. Robinson of Adams | Coogler, P.A., West Palm Beach, for petitioner, Jordan Grabel, M.D.

Carri S. Leininger of Williams, Leininger & Cosby, P.A., North Palm Beach, for petitioners Kristina Michelle Brana and Roscox Corporation.

Bard D. Rockenbach of Burlington & Rockenbach, P.A., West Palm Beach, Ronald M. Rowars of Ronald M. Rowars, P.A., Port St. Lucie, and Andy M. Custer of Custer ~ McGovern, Lake Worth, for respondent.

PER CURIAM.

We grant in part these consolidated petitions for writ of certiorari seeking review of trial court discovery orders.

Following our decision in *Brana v. Roura*, 144 So. 3d 699 (Fla. 4th DCA 2014), the trial court determined that the deposition responses of Dr. Jordan Grabel, the defense expert witness, were inconsistent with the interrogatory answers provided by defense counsel. The inconsistencies concerned the percentage of income the doctor derives from working as an expert witness and the number of times he has testified for plaintiffs and defendants in personal injury litigation. The trial court concluded that these inconsistencies constituted "the most unusual or compelling circumstances" that allowed production of the expert's "financial and

business records." *See* Fla. R. Civ. P. 1.280(b)(5)(A)(iii).

We disagree. The disputed discovery exceeds the provisions of rule 1.280(b)(5)(A)(iii)4, which limits discovery to an approximation of the expert's involvement as an expert witness. *See Grabel v. Sterrett*, 163 So. 3d 704 (Fla. 4th DCA 2015) (quashing improper expert discovery directed at this same doctor).

The defendants and the doctor provided all the information required on the issue of bias. The court nevertheless allowed plaintiff to issue subpoenas to twenty non-party insurance carriers, not shown to have any involvement in this litigation.[1] The subpoenas require production of financial records (including tax records) showing the total amount of fees paid to the doctor for expert litigation services since 2009. This extensive financial discovery as to a retained expert exceeds that allowed by the rule and is unnecessary. The rule expressly provides that "the expert shall not be required to disclose his or her earnings as an expert witness." *Id.*

Here, the alleged inconsistencies do not constitute "unusual or compelling circumstances" to warrant such broad financial disclosure. *See Buck v. Chin,* 19 So. 3d 1132, 1134 (Fla. 3d DCA 2009). There is no showing that the inconsistencies are the result of falsification, misrepresentation, or obfuscation. *See id.*

We deny the petition as to the other discovery permitted without discussion.

*Petition granted in part.*

STEVENSON, LEVINE and FORST, JJ., concur.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***

---

[1] Discovery from an insurer acting as the defendant's agent may be proper pursuant to *Allstate Insurance Co. v. Boecher*, 733 So. 2d 993, 996 (Fla. 1999). See *Springer v. West*, 769 So. 2d 1068, 1069 (Fla. 5th DCA 2000) ("Where an insurer provides a defense for its insured and is acting as the insured's agent, the insurer's relationship to an expert is discoverable from the insured."). However, no such argument has been presented in this proceeding.