# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D23-2203
LT Case No. 2020-CA-0406

_____

ALLSTATE INSURANCE COMPANY,

    Petitioner,

    v.

BRENT M. HUBER, INC.,
MCDONALD and COMPANY
INSURANCE AGENCY, INC., KEVIN
MCDONALD, and KLLJMAC,
LLC,

    Respondents.

_____


Petition for Certiorari Review of Order from the Circuit Court for Marion County.
Gary L. Sanders, Judge.

Kristen M. Fiore, of Akerman LLP, Tallahassee, and Michael C. Marsh, Sowmya Bharathi, Eric D. Coleman, and Donnie M. King, of Akerman, LLP, Fort Lauderdale, and Robert W. Batsel, of Gooding & Batsel, PLLC, Ocala, and Gordon J. Glover, of Glover Law Firm, Ocala, for Petitioner.

Stephanie M. Marchman, and Julie Zolty, of GrayRobinson, P.A., Gainesville, and Gregory A. Hearing, and Benjamin W. Bard, of GrayRobinson, P.A., Tampa, and Kristie L. Hatcher-Bolin, of GrayRobinson, P.A., Lakeland, for Brent M. Huber, Inc., Respondent.

No Appearance for Remaining Respondents.

April 12, 2024

HARRIS, J.

Petitioner, Allstate Insurance Company ("Allstate"), seeks certiorari review of an order denying its emergency motion for protective order as to Respondent, Brent M. Huber's, attempt to depose Allstate's Corporate Litigation Counsel. Huber argues that Allstate failed to establish a departure from the essential requirements of the law because the order under review simply permitted the deposition to occur, but did not rule on any attorney-client privilege objections. We agree.

The rules of civil procedure do not prohibit the deposition of an attorney simply because he or she is an attorney, and protective orders totally prohibiting a deposition should rarely be granted absent extraordinary circumstances. *See Bush v. Schiavo*, 866 So. 2d 136, 138 (Fla. 2d DCA 2004) ("Florida courts have disapproved the entry of protective orders prohibiting the taking of depositions generally."). In *City of Oldsmar v. Kimmins Contracting Corp.*, 805 So. 2d 1091, 1093 (Fla. 2d DCA 2002), the court noted that "Florida Rule of Civil Procedure 1.310(a) permits the taking of a deposition of 'any person.'" Courts must "exercise great care before permitting the deposition of an attorney." *Stull v. Suntrust Bank*, Case No. 09-82302-CIV-DIMITROULEAS/SELTZER, 2011 WL 13224911, at *2 (S.D. Fla. Jan. 20, 2011) (quoting *W. Peninsular Title Co. v. Palm Beach Cnty.*, 132 F.R.D. 301, 302 (S.D. Fla. 1990)). The mere request for the deposition of a party's attorney can create good cause for the party opposing the deposition to seek a protective order pursuant to Florida Rule of Civil Procedure 1.280(c). However, when seeking relief, a party cannot make a general, blanket claim of privilege. *Payne v. Seminole Elec. Coop., Inc.*, Case No. 3:19-cv-1173-TJC-MCR, 2021 WL 3017392, at *9 (M.D. Fla. Feb. 2, 2021). That is all Allstate has done here.

Accordingly, we deny Allstate's request that we quash the order denying its motion for protective order. During the deposition, Allstate should be permitted to make objections to

specific questions, if necessary, and when the trial court reviews those questions and objections, it should make specific findings to allow for meaningful appellate review. *See State Farm Mut. Auto Ins. Co. v. Knapp*, 234 So. 3d 843, 849–50 (Fla. 5th DCA 2018).

PETITION DENIED.

EDWARDS, C.J., and SOUD, J., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____