RYDER, Judge.
Plaintiff, McDonald Construction Company, appeals an order granting a new trial to defendant, Seaboard Coast Line Railroad Company. Seaboard cross-appeals certain aspects of the order granting it a new trial. We affirm the order, with modifications.
McDonald Construction Company [hereinafter, McDonald] filed this suit for damages against Seaboard Coast Line Railroad Company [hereinafter, Seaboard], alleging Seaboard was negligent in causing a collision between McDonald’s tractor-trailer and Seaboard’s train on August 21, 1976. Seaboard counterclaimed, alleging negligence on the part of McDonald.
A jury trial was held, and the jury returned a special interrogatory verdict finding that Seaboard was guilty of negligence which was a legal cause of the accident in the percentage of 100%; finding that McDonald was not guilty of any negligence which was a legal cause of the accident. The jury assessed McDonald’s damages at $51,000.00 and Seaboard’s damages at zero. Thereafter, Seaboard filed a timely post-trial motion for judgment in accordance with its motion for a directed verdict or, in the alternative, motion for new trial.
On August 10, 1978 the trial court entered a final order granting Seaboard’s motion for new trial. The order summarizes the trial testimony and the jury verdict and then rules that McDonald’s employee was negligent, as a matter of law, in not looking for the approach of the railroad train after leaving the intersection of two dirt roads 75 feet to the north of the railroad crossing where the collision occurred, and that this negligence was a legal cause of the collision and resulting damages. Accordingly, the order grants a new trial on the relative degrees of negligence of the parties which were a legal cause of the resulting damages.
*857 Appellant McDonald challenges this grant of a new trial, but from our vantage point as an appellate court, appellant McDonald has not made reversible error clearly appear, because it has not demonstrated an abuse of discretion by the trial court. We therefore must affirm the grant of a new trial.
The law regarding appellate review of an order granting a new trial is well settled, indeed. See the landmark case of Cloud v. Fallis, 110 So.2d 669 (Fla.1959). See generally, the more recent cases of Wackenhut Corporation v. Canty, 359 So.2d 430 (Fla.1978); Hendricks v. Dailey, 208 So.2d 101 (Fla.1968); Lykes Brothers, Inc. v. Singletary, 190 So.2d 589 (Fla. 2d DCA 1966); and Grant v. Williams, 190 So.2d 23 (Fla. 2d DCA 1966).
As our supreme court declared in Cloud v. Fallís [citations omitted]:
When a motion for new trial is made it is directed to the sound broad discretion of the trial judge, who because of his observation of the behavior of those upon whose testimony the finding of fact must be based is better positioned than any other person fully to comprehend the processes by which the ultimate decision of the triers of fact, the jurors, is reached.
When the judge, who must be presumed to have drawn on his talents, his knowledge and his experience to keep the search for the truth in a proper channel, concludes that the verdict is against the manifest weight of the evidence, it is his duty to grant a new trial, and he should always do that if the jury has been deceived as to the force and credibility of the evidence or has been influenced by considerations outside the record. Inasmuch as such motions are granted in the exercise of a sound, broad discretion the ruling should not be disturbed in the absence of a clear showing that it has been abused.
The burden to make error clearly appear is on the appellant. Although when such an attempt is made the record must be examined by the appellate court, the assailant cannot content himself simply to submit the record and expect the order to be upset if the reviewing body finds, in cold type without benefit of any of the circumstances known to the trial judge, and never to be known to the appellate court, that there appears to be some ‘substantial competent evidence’ supporting the verdict. .
[A] stronger showing is required to upset an order granting than an order denying a motion for new trial.
110 So.2d at 673.
While an order granting a new trial is not unassailable according to the above-cited authorities, reversal is appropriate only when the appellant has carried its heavy burden of making error to appear in the exercise of the broad discretion allowed the judge who has presided at the trial. We have carefully reviewed the record and the briefs of most able counsel, and we conclude that appellant McDonald has not demonstrated an abuse of judicial discretion in the grant of the new trial. Indeed, we concur with the trial court’s reasoning and, thus, we affirm.
Additionally, we modify certain provisions of the order granting the new trial which are inconsistent with other provisions of said order. As noted above, the crux of the order is the trial court’s ruling, which we have affirmed, that the employee driving appellant McDonald’s tractor-trailer was negligent as a matter of law in not adequately looking for the approach of a train after leaving the intersection of the two dirt roads 75 feet to the north of the crossing where the collision occurred, and that this negligence was a legal cause of the collision and resulting damages. The order then states that a new trial on the relative degrees of negligence of the parties, “if any”, which were a legal cause of the resulting damages will be held; and, further, that the court will instruct the jury in the new trial that Seaboard has been determined to be guilty of some negligence which was a legal cause of the collision, and it is the function of the jury in the new trial *858 to determine the degree of negligence, “if any”, of McDonald’s employee which was a legal cause of the collision and resulting damages.
It is thus apparent that the order granting the new trial is internally inconsistent in that it first concludes that plaintiff McDonald was negligent as a matter of law and this negligence was a legal cause and then orders that the jury in the new trial shall determine the degree of negligence, “if any”, of McDonald’s employee which was a legal cause. We hereby modify the order appealed from by deleting the words “if any”. Therefore, the new trial will be held on the relative degrees of negligence of the parties which were a legal cause of the resulting damages. The trial court will instruct the jury that both Seaboard and McDonald have been determined to be guilty of some negligence which was a legal cause of the collision.
Further, we also modify the order appealed from so that the new trial shall also extend to the issue of damages sustained by appellee/counterclaimant Seaboard. As noted above, the jury in the first trial returned a verdict of zero damages for Seaboard, but this was because the jury followed the instruction of the trial court that it should not consider the damages of Seaboard, since it found Seaboard guilty of 100% of the negligence which was a legal cause of the accident and it found that McDonald was free of any negligence which was the legal cause of the accident. On new trial, the jury should therefore determine the issue of damages sustained by Seaboard.
However, the new trial shall not extend to a retrial of the issue of damages sustained by McDonald. The jury verdict in the initial trial awarded McDonald $51,-000.00. The trial court in its order granting new trial did not disturb this figure, and we reject Seaboard’s argument on cross-appeal that we do so.
Accordingly, the order granting a new trial is AFFIRMED, as modified.
BOARDMAN, Acting C. J., and OTT, J., concur.