597 So.2d 305 (1992)
Mitchell NICAISE, Appellant,
v.
Don Joseph A. GAGNON, Appellee.
No. 90-3324.
District Court of Appeal of Florida, Fourth District.
February 5, 1992.
On Motion for Rehearing April 15, 1992.
*306 Jane Kreusler-Walsh of Klein & Walsh, P.A., West Palm Beach, and Joel D. Kenwood of Woods, Oviatt, Gilman, Sturman & Clarke, Boca Raton, for appellant.
Michael B. Davis of Davis Colbath Isaacs & Stinson, P.A., formerly known as Davis Carroll Colbath & Isaacs, P.A., West Palm Beach, for appellee.
LETTS, Judge.
During closing argument, plaintiff's counsel instructed the jury "not to worry whether the defendant will contribute a dime of money." Upon the premise that these remarks were an impermissible reference to insurance, the defense immediately moved for a mistrial and the trial judge deferred ruling on it. After a favorable verdict, the trial court entered final judgment for the plaintiff; but at a post-trial hearing, the trial court granted a renewed motion for a mistrial ordering a new trial on both liability and damages. We affirm.
The plaintiff was injured on the job by a falling roof tile and filed suit against the president/co-owner of his corporate employer, individually. The jury verdict in his favor was for $220,000, which the judge initially reduced to $161,000 before ordering the new trial.
Neither party has cited nor have we found a Florida case involving the implicit reference to the existence of insurance coverage but not actually mentioning the word. As the employer correctly points out, it is clear in Florida that the introduction of the subject of insurance in an action where insurance is not a proper issue constitutes prejudicial error. This is particularly true when the suggestion relates to whether an adverse judgment will be paid by the defendant or its insurer. See Carlton v. Johns, 194 So.2d 670 (Fla. 4th DCA 1967); Pierce v. Smith, 301 So.2d 805 (Fla. 2d DCA 1974), cert. denied, 315 So.2d 193 (Fla. 1975). However, in those cases, the word insurance was expressly mentioned.
The employee points out that use of the word insurance does not always constitute prejudicial error. See Crowell v. Fink, 167 So.2d 614 (Fla. 1st DCA 1964); Industrial Waste Service v. Henderson, 305 So.2d 42 (Fla. 3d DCA 1974) (wherein it was held that the trial court had not erred by denying the defendant's motion for a new trial on the ground that plaintiff's counsel referred to defense counsel as the "insurance company's lawyer"); Metropolitan Dade County v. Dillon, 305 So.2d 36 (Fla. 3d DCA 1974), cert. denied, 317 So.2d 442 (Fla. 1975); Sayad v. Alley, 508 So.2d 485 (Fla. 3d DCA), rev. denied, 518 So.2d 1278 (Fla. 1987) (wherein it was held the trial court had not erred by denying the defendant's motion for a new trial on the ground that plaintiff's counsel made two passing references to insurance during trial). The mention of the word insurance in those cases, however, was not related to who would be paying. Moreover, not one of those cases reviewed an order granting a new trial.
Admittedly, it would appear that the statement to the jury that they were "not to worry whether the defendant [would] contribute a dime of money" was innocuous and had we been the trial judge we doubt we would have granted the new trial.[1] However, the standard of appellate review of an order granting a new trial is well settled. The trial court has broad discretion to determine whether to grant a new trial and its decision to do so will not be reversed on appeal, absent a clear showing of an abuse of discretion. McDonald Construction Co. v. Seaboard Coast Line, 375 So.2d 856 (Fla. 2d DCA 1979), cert. denied, 383 So.2d 1198 (Fla. 1980). The employer was the only defendant in this case which makes the objected to phrase, and particularly the word "contribute," all the more susceptible to the construction adopted by the court below. In that respect, *307 we reproduce the applicable portion of the trial judge's order:
The comments by the Plaintiff's attorney which form the basis of the Defendant's motion are as follows:
You are not to speculate on any of the evidence. You are not worry whether Mitch Nicaise may or may not see a dime of money. You are not to worry whether the defendant will contribute a dime of money.

Defendant immediately moved for a mistrial, arguing that Plaintiff's comments were no more than a thinly veiled and impermissible reference to insurance.
The Court agrees.
It matters not in the context of this case, that Plaintiff's counsel never actually uttered the word "insurance." By telling the jury that it need not concern itself whether the Defendant Gagnon will satisfy the judgment out of his own pocket, Plaintiff's counsel planted in the minds of the jurors the seed of insurance just as surely as if he had mentioned it directly.
Were this a case of clear liability, then perhaps the error could be passed off as harmless. Here the issue of liability was extremely close. So close in fact, that there is a question as to whether there was sufficient evidence for the case to even have gone to the jury. Given that the evidence on the issue of liability was so close, the Court finds that the argument of Nicaise's attorney suggesting the existence of available insurance to satisfy any judgment was far from harmless and requires a new trial on both liability and damages. See, Skislak v. Wilson, 472 So.2d 776 (Fla. 3rd DCA 1985).
We conclude that the trial judge's ruling was within his broad discretion and was not an abuse thereof.
AFFIRMED.
WARNER and FARMER, JJ., concur.

ON MOTION FOR REHEARING
PER CURIAM.
Appellant's motion for rehearing and motion for rehearing en banc are hereby denied.
LETTS and WARNER, JJ., concur.
FARMER, J., concurs with opinion.
FARMER, Judge, specially concurring.
I concur in the denial of rehearing. Frankly, I do so with some difficulty from prior decisions of this court. I do not believe, e.g., that our decision in Gatlin v. Jacobs Construction Co., 218 So.2d 188 (Fla. 4th DCA), cert. denied, 225 So.2d 529 (Fla. 1969), survives later decisions of the supreme court.
There, as here, a trial judge granted a new trial because of improper and prejudicial closing argument of plaintiff's counsel. We reversed, explaining that we had read the transcript of closing argument and could not find that any substantial right of the defendant had been violated. Among other things, we drew a distinction between new trials granted on evidentiary grounds (where the broad discretion rule was said to have "the most far-reaching effect") and those granted on non-evidentiary grounds (where the rule was said to have "the most limited application"). Closing arguments of counsel, we said, do not constitute evidence.
In my opinion, Castlewood International Corp. v. LaFleur, 322 So.2d 520 (Fla. 1975), spelled the end of that thinking. In that case, the trial judge granted a new trial because he thought his instructions had misled the jury, but the district court reversed. The supreme court, however, reversed the district court and reinstated the new trial, relying principally on the broad discretion rule of Cloud v. Fallis, 110 So.2d 669 (Fla. 1959). Its decision suggests the absence of any narrowing of discretion where the basis for retrial was non-evidentiary.
Similarly in Baptist Memorial Hospital Inc. v. Bell, 384 So.2d 145 (Fla. 1980), the court sustained a trial judge's grant of a new trial and quashed a district court reversal. The grant was based on the manifest weight of the evidence, coupled with the size of the verdict, non-record considerations *308 by the jury relating to the tax consequences of any recovery and attorney's fees, and improper argument by counsel. Without attempting to isolate which grounds were "evidentiary" and which were not, the court again recurred to Cloud and Castlewood and the broad discretion rule.
Specifically, the court said:
In reviewing this type of discretionary act of the trial court, the appellate court should apply the reasonableness test to determine whether the trial judge abused his discretion. If reasonable men could differ as to the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no finding of abuse of discretion.
384 So.2d at 146. See also Smith v. Brown, 525 So.2d 868 (Fla. 1988), and Ford Motor Co. v. Kikis, 401 So.2d 1341 (Fla. 1981).
Under these supreme court decisions, I believe that all grants of new trial are to be reviewed by us under the full reach of the broad discretion rule. We are required to apply the test of reasonableness set out in Baptist Memorial Hospital in every such case, not merely those based solely or partially on evidentiary grounds.[1] Applying that test, I do not see how we can say that Judge Oftedal abused his discretion.
He specifically said that the issue of liability was "extremely close." In fact, he was even troubled by letting the case go to the jury at all. In that circumstance, he found that the improper argument, in this case, could not have been harmless. For us to set aside his new trial, we should necessarily have to engage in the very kind of appellate second-guessing that the supreme court has forbidden by Cloud, Castlewood and Baptist Memorial Hospital.
Like appellant, I find it very difficult to distinguish our decisions in Kelley v. Mutnich, 481 So.2d 999 (Fla. 4th DCA 1986), and Cenvill Communities Inc. v. Patti, 458 So.2d 778 (Fla. 4th DCA 1984), rev. denied, 467 So.2d 1000 (Fla. 1985). In fact, I do not think I can fairly do so. In the end, I guess, my allegiance from my oath of fealty is more correctly commanded by the supremacy of our highest court than by stare decisis to the decisions of this court. I thus concurred in Judge LETTS' thoughtful opinion and, hence, in the denial of rehearing.
NOTES
[1] No curative instruction was requested.
[1] Where a new trial has been granted purely on a legal ground, as opposed to one involving factual conflict, discretion will more readily be seen as abused if the legal ground turns out to be entirely wrong. When that happens, it is not because the broad discretion of the trial judge has been improperly shrunk by the reviewing court, but because of the particular manner in which discretion was abused.