769 So.2d 1068 (2000)
Robert SPRINGER, Petitioner,
v.
Barry R. WEST, et al., Respondents.
No. 5D00-1944.
District Court of Appeal of Florida, Fifth District.
September 8, 2000.
Rehearing Denied November 9, 2000.
*1069 Jamie Billotte Moses and Karen L. Averill, of Fisher, Rushmer, Werrenrath, Dickson, Talley & Dunlap, P.A., Orlando, for Petitioner.
Kenneth J. McKenna, Orlando, for Respondents.
PER CURIAM.
Petitioner, Robert Springer, is a defendant in a lawsuit arising from an automobile accident and seeks a writ of certiorari to review a discovery order compelling him to answer interrogatories regarding the relationship between his trial expert and his liability insurer. We deny the writ, but write to explain why such an inquiry is proper.
Petitioner argues that the interrogatories exceed the scope of Florida Rule of Civil Procedure 1.280(b)(4)(A)(iii), which establishes the scope of inquiry allowed of experts. However, in Allstate Insurance Co. v. Boecher, 733 So.2d 993 (Fla.1999), the Florida Supreme Court held that the rule was not intended to shield a party from inquiries regarding the extent of the party's relationship with an expert witness. Id. at 999. Although petitioner argues that Boecher does not apply, because the interrogatories in this case seek information regarding the relationship between his insurer, a nonparty, and the expert, whereas in Boecher, the insurer was a party, we reject that argument.
Where an insurer provides a defense for its insured and is acting as the insured's agent, the insurer's relationship to an expert is discoverable from the insured. To hold otherwise would render Boecher meaningless in all but a small class of cases. Similarly, a defendant may question a plaintiff about any relationship between his or her attorney and the plaintiff's trial expert. In both cases, the information sought is relevant to the witness's bias and will enhance the truth-seeking function and fairness of the trial, as intended by Boecher. 733 So.2d at 998.
PETITION DENIED.
SAWAYA, J., concurs.
HARRIS, J., concurs and concurs specially, with opinion.
GRIFFIN, J., dissents, with opinion.
HARRIS, J., concurring and concurring specially:
I write to respond to the legitimate concerns of the dissent which are (1) that the discovery is being sought from a non-party, the defendant's insurance company, and (2) the fact that insurance is involved should not be made known to the jury.
The purpose of the inquiries is to determine whether there might be bias on the part of the defense expert. It is not the defendant in this case, and it will rarely be *1070 the defendant in any case, who has chosen the expert and who has developed a relationship with that expert. It is the insurer whose money is at stake that is the real party in interest and who is defending in the name of its insured. That is why the insurer controls the defense, even to the extent of naming the lawyer. By the same token, it is the plaintiff's lawyer, and not the plaintiff, who has formed the relationship with the various experts employed on plaintiff's behalf.
The supreme court has recognized the danger to the profession and to our system of civil justice of expert witnesses who are willing to sell their "opinions." In Allstate Insurance Co. v. Boecher, 733 So.2d 993 (Fla.1999), the court stated:
This court has not shrunk from condemning any practice that "undermines the integrity of the jury system which exists to fairly resolve actual disputes between our citizens." ... Only when all relevant facts are before the judge and jury can the "search for truth and justice" be accomplished.... As was observed in Dosdourian "[u]nder our adversary system a jury can usually assume that the parties and their counsel are motivated by the obvious interests each has in litigation," but, when the alignment of interest is unclear, "[t]he fairness of the system is undermined."
Since the defendant relies on his or her insurer and insurer-appointed lawyer to employ necessary witnesses, it is the relationship between those parties and the experts which is critical to the question of bias on the part of the witness. The same is true for the plaintiff. And it is counsel, and not the parties, who prepare the answers to such interrogatories and the information sought is not that difficult for them to obtain.
Concerning the issue of revealing the presence of insurance to the jury, the question could simply be put:
"Doctor, how often have you appeared for those representing the defense in this case and what percentage of your income has come from them?"
The savvy juror will know without being told that insurance is involved; the naive juror will assume the question concerns the attorneys. In either event, the jury will be apprised of the potential bias of the witness who is opining how it should rule. That is as it should be.
GRIFFIN, J., dissenting.
I respectfully dissent.
First, and most obviously, I do not understand how a court can order Mr. Springer, the defendant, to answer detailed questions concerning information about which he has absolutely no knowledge. USAA is the non-party insurer of the defendant. Mr. Springer has no way of knowing, and no duty to find out, what his insurer's relationship with the expert may, or may not be. The only way a plaintiff should be allowed to try to obtain this information is by subpoena issued to the insurer directly. At that point, the insurer can speak for itself. The whole point of Allstate Ins. Co. v. Boecher, 733 So.2d 993 (Fla.1999) was that there is a qualitative difference between asking a party in discovery what the party knows and asking a non-party to disclose business or financial information. 733 So.2d at 996-97.
Then, there is the pesky problem that this information is utterly inadmissible. Discovery has to be reasonably calculated to lead to the discovery of admissible evidence. The relationship Mr. Springer's insurance company may have with Mr. Springer's expert cannot be revealed to the jury without revealing that Mr. Springer has insurance.