STEVENSON, J.
In this personal injury action Alvin and Aldo Herrera appeal from a judgment following a jury verdict in the amount of $144,466 for damages suffered by the ap-pellee, Hadeer Moustafa. Moustafa has filed a cross-appeal. We affirm as to all issues raised in this case and write briefly to address the Herreras’ argument that Moustafa impermissibly introduced the subject of insurance during cross-examination of two expert witnesses.
This case arose from a car accident involving Alvin Herrera and Moustafa. Aldo Herrera was the owner of the vehicle driven by Alvin Herrera at the time of the accident. The Herreras had insurance coverage through GEICO General Insurance Company and GEICO provided their defense at trial. Two experts, Dr. Richard Simon and Dr. Michael Raskin, testified on the Herreras’ behalf regarding the extent of injury suffered by Moustafa. On the first day of trial, the Herreras moved to preclude mention of GEICO and the amounts paid by GEICO to Dr. Simon and Dr. Raskin. Moustafa agreed that it would be improper to mention GEICO, but wanted to impeach the experts with the amounts paid by GEICO. The trial court reserved ruling on the motion. When the issue was revisited, Moustafa requested permission, on side-bar, to ask Dr. Simon whether he knew that “defense attorney’s employer” paid him over $330,000 for expert services through December 2008. The trial court permitted the question. On cross-examination, Moustafa asked Dr. Simon: “And are you aware that defense counsel’s employer has paid you almost $330,000 between January '06 and December '08 for your personal services as an expert witness?” Dr. Simon indicated that he had no knowledge of this, but had no reason to doubt that information. Mousta-fa subsequently asked Dr. Raskin: “And the defense provided evidence that their employer has paid your practice $243,260 for expert services between January 2006 and December 2008. Do you have any basis to dispute that number?” Dr. Ras-kin indicated that he did not. On appeal, the Herreras argue that this line of questioning impermissibly introduced the subject of insurance to the jury and that the trial court erred in permitting it. A trial court’s decision regarding the scope of cross-examination is reviewed for an abuse of discretion. See Poland v. Zaccheo, 82 So.3d 133,136 (Fla. 4th DCA 2012).
“A jury is entitled to know the extent of the financial connection between the party and the witness, and the cumulative amount a party has paid an expert during their relationship.” Allstate Ins. Co. v. Boecher, 733 So.2d 993, 997 (Fla.1999). “Where an insurer provides a defense for its insured and is acting as the insured’s agent, the insurer’s relationship to an expert is discoverable from the insured.” Springer v. West, 769 So.2d 1068, 1069 (Fla. 5th DCA 2000). This furthers the “truth-seeking function and fairness of the trial.” Id. On the other hand, introducing the subject of insurance where insurance is not a proper issue constitutes prejudicial error. Nicaise v. Gagnon, 597 So.2d 305, 306 (Fla. 4th DCA 1992). The questions posed by Moustafa to Dr. Simon and Dr. Raskin did not introduce the subject of insurance. Although the questions could have been phrased differently so as to avoid reference to the “defense attorney’s employer,” the questions, as a whole, remained appropriate inquiries into bias, as permitted by Boecher and Springer. We cannot say that the trial court abused its discretion in permitting the aforementioned testimony. Because we have determined that the additional issues raised by *1022 the parties lack merit, we affirm the verdict and judgment.

Affirmed.

WARNER and GROSS, JJ., concur.