PERKINS, T.R., Associate Judge.
Suzanne Vazquez appeals a final judgment entered in favor of Milady Martinez, following a jury trial in an automobile negligence action. Although Ms. Vazquez raises a number of issues, we write only to address two. We reverse the jury’s award of future medical damages and affirm on all other issues.
In 2007, Ms. Martinez was stopped at a red light when her car was rear-ended by Ms. Vazquez. Ms. Martinez claimed injuries from the accident and sued Ms. Vazquez. During the trial, the trial court permitted Ms. Martinez to present evidence that, over the past three years, payments totaling almost $700,000, were made “by the defense or its "agents” to Ms. Vazquez’s expert witnesses. Ms. Vazquez argues that this evidence was irrelevant because she did not have any direct financial relationship with any of the experts, and instructing "the jury on payments made by “representatives of the défen[1] dant” of “defendant or its agents” improperly implied the existence of insurance.[1]
A party may attack the credibility ' of a witness by exposing a potential bias. § 90.608(2),, Fla. Stat. (2013). ■ “A jury is entitled to know the extent of the financial connection between the party and the witness, and the cumulative amount a party has paid an expert during their relationship.” Allstate Ins. Co. v. Boecher, 733 So.2d 993, 997 (Fla.1999). Therefore, *374 Florida courts allow extensive discovery of financial information to assist counsel in impeaching examining physicians and other experts by demonstrating that the expert has economic ties to the insurance company or defense law firm. See Fla. R. Civ. P. 1.280(b)(5)(A)(iii); Boecher, 733 So.2d at 997 (“The more extensive the financial relationship between a party and a witness, the more it is likely that the witness has a vested interest in that financially beneficial relationship continuing.”). This furthers the “truth-seeking function and fairness of the trial.” Springer v. West, 769 So.2d 1068, 1069 (Fla. 5th DCA 2000); see Morgan, Colling & Gilbert, P.A. v. Pope, 798 So.2d 1, 3 (Fla. 2d DCA 2001) (“Limiting discovery of this information would affect the truth-seeking function of a jury, for the failure to present any ultimately admissible information would diminish the jury’s right to assess the potential bias of the witness.”). On the other hand, introducing the subject of insurance where insurance is not a proper issue constitutes prejudicial error. Heirera v. Moustafa, 96 So.3d 1020, 1021 (Fla. 4th DCA 2012); Nicaise v. Gagnon, 597 So.2d 305, 306 (Fla. 4th DCA 1992).
We find that the trial court did not abuse its discretion in permitting the challenged evidence. Whether the party has a direct relationship with any of the experts does not determine whether discovery of the doctor/law firm relationship or doctor/insurer relationship is allowed. The purpose of the rule is to expose any potential bias between a party and an expert. See Boecher, 733 So.2d at 997. Evidence of bias may be found in the financial ties between all of the litigant’s agents, including the litigant’s law firm or insurer and the expert. See Herrera, 96 So.3d at 1021 (holding party entitled to show financial ties between expert and litigant; admissible to show defense firm had paid expert $330,000); Allstate Ins. Co. v. Hodges, 855 So.2d 636, 640 (Fla. 2d DCA 2003) (explaining that number of times expert testified on behalf of liability insurer and amount expert was paid as result is directly relevant to expert’s bias); Springer, 769 So.2d at 1069 (holding interrogatories sought discoverable information, even though insurer was not a party). Moreover, the trial judge adeptly permitted evidence of possible bias without disclosing the existence of insurance. We find no error.
However, we find that the jury’s $50,000 award for future medical expenses is unsupported by the evidence. Where a plaintiff seeks damages for future medical expenses, only medical expenses that are reasonably certain to be incurred in the future are recoverable. Loftin v. Wilson, 67 So.2d 185, 188 (Fla.1953); Truelove v. Blount, 954 So.2d 1284, 1288 (Fla. 2d DCA 2007). There must also be an evidentiary basis upon which the jury can, with reasonable certainty, determine the amount of those expenses. Loftin, 67 So.2d at 188; see GEICO Indem. Co. v. DeGrandchamp, 102 So.3d 685, 686 (Fla. 2d DCA 2012). A mere possibility that certain treatment might be obtained in the future cannot form the basis of an award of future medical expenses. Fasani v. Kowalski, 43 So.3d 805, 812 (Fla. 3d DCA 2010); Truelove, 954 So.2d at 1288.
Here, both expert witnesses opined that Ms. Martinez did not need future surgery or follow-up treatment. While the experts recognized that Ms. Martinez might seek over-the-counter medications or chiropractic or physical therapy, they did not believe that they would be beneficial. Hence, there is no competent, substantial evidence establishing that Ms. Martinez was reasonably certain to incur expenses for future medical treatment.
Accordingly, we reverse the jury’s award of $50,000 for future medical ex *375 penses. On remand, and consistent with this opinion, the trial court shall reduce the award of future medical expenses by the amount of $50,000. We affirm the final judgment in all other respects.
AFFIRMED in part; REVERSED in part; and REMANDED for further proceedings.
EVANDER and EDWARDS, JJ., concur.

. Ms. Vazquez also claims that the interrogatory answers, upon which the evidence was based, did not reflect payments to the individual experts but to the individual experts and/or their business entities, and, thus, were misleading to the jury. Deficiencies in the way that payments are recorded cannot be used to bar the admission of otherwise admissible evidence. See generally Worley v. Cent. Fla. Young Men’s Christian. Ass’n, 163 So.3d 1240, 1249-50 (Fla, 5th DCA 2015) (determining that alleged costs and burdens of compliance with discovery order did not prevent discovery; plaintiff could seek reasonable compensation for costs at end of case, and court’s truth-seeking function could not be thwarted by party arguing information would be too costly to provide).