PER CURIAM.
*193 In this certiorari proceeding, Petitioner, Morgan G. Salber, asks this Court to quash the trial court's discovery order compelling him to provide documents concerning the financial arrangements between his attorney, his insurance company, and his retained expert witness. Because there has been no departure from the essential requirements of law, we deny Petitioner's request.
We recently addressed this identical issue. See Younkin v. Blackwelder, 44 Fla. L. Weekly D549, D549-50, --- So.3d ----, ----, 2019 WL 847548 (Fla. 5th DCA Feb. 22, 2019) ("In Vazquez v. Martinez, 175 So. 3d 372, 373-74 (Fla. 5th DCA 2015), we acknowledged that the discovery of the type of financial information requested in this case is permissible 'to assist counsel in impeaching examining physicians and other experts by demonstrating that the expert has economic ties to the insurance company or defense law firm.' "). As in Younkin, because Petitioner raised a compelling argument that the law in this area is not being applied in an even-handed manner to all litigants, we certify the following question to the Florida Supreme Court as one of great public importance:
WHETHER THE ANALYSIS AND DECISION IN WORLEY v. CENTRAL FLORIDA YOUNG MEN'S CHRISTIAN ASS'N, 228 SO. 3D 18 (FLA. 2017), SHOULD ALSO APPLY TO PRECLUDE A DEFENSE LAW FIRM OR INSURANCE COMPANY THAT IS NOT A PARTY TO THE LITIGATION FROM HAVING TO DISCLOSE ITS FINANCIAL RELATIONSHIP WITH EXPERTS THAT IT RETAINS OR COMPENSATES FOR PURPOSES OF LITIGATION INCLUDING THOSE THAT PERFORM COMPREHENSIVE MEDICAL EXAMINATIONS UNDER FLORIDA RULE OF CIVIL PROCEDURE 1.360.
PETITION FOR WRIT OF CERTIORARI DENIED; QUESTION CERTIFIED.
ORFINGER, GROSSHANS and SASSO, JJ., concur.