DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BRENT A. DODGEN,**
Petitioner,

v.

**KAITLYN P. GRIJALVA,**
Respondent.

No. 4D19-1010

[June 26, 2019]

Petition for writ of certiorari to the Seventeenth Judicial Circuit, Broward County; Sandra Perlman, Judge; L.T. Case No. CACE 16-018196.

Kansas R. Gooden of Boyd & Jenerette, P.A., Jacksonville, for petitioner.

Douglas F. Eaton of Eaton & Wolk, P.L., Miami, for respondent.

PER CURIAM.

Brent Dodgen, a defendant in a pending automobile negligence case, filed this petition for writ of certiorari challenging a circuit court order that denied his motion for protective order. The order required him to provide discovery on the relationship between (1) his insurer and expert witnesses, and (2) the law firm defending him and the expert witnesses, for the last three years. It called for discovery on payments made to the expert witnesses and the number of times each expert was retained.

As the scheduled trial date was near, we denied the petition by order with a provision that an opinion would follow. This opinion explains the basis for that denial and suggests the need for further consideration of the disparate treatment of plaintiffs and defendants in the discovery arena. Further, we join the fifth district in certifying a question as one of great public importance on this point.

In his petition, Dodgen challenged the circuit court order on multiple grounds, claiming that it compelled discovery from nonparties, invaded privacy rights of those nonparties, exceeded the scope of expert witness discovery, invaded attorney-client privilege and was not reasonably

calculated to lead to the discovery of admissible evidence. After this court issued an order to show cause, respondent Kaitlyn Grijalva, the plaintiff, withdrew her discovery request as to the defendant's law firm. This left for review the circuit court's order compelling discovery from the defendant's insurer and the expert witnesses.

The discovery was originally sought pursuant to *Allstate Ins. Co. v. Boecher*, 733 So. 2d 993, 997 (Fla. 1999) (ruling that information on the frequency of an expert witness's testimony and payments to the expert was discoverable from the insurer, a party defendant). *Boecher* was applied in *Springer v. West*, 769 So. 2d 1068, 1069 (Fla. 5th DCA 2000), where the plaintiff sought information on the relationship between the defending liability insurer, a nonparty, and the trial expert.

We address petitioner's argument that after *Worley v. Central Florida Young Men's Christian Ass'n*, 228 So. 3d 18 (Fla. 2017), the financial relationship between a defendant's law firm or insurance company and expert witnesses is no longer discoverable. We reject that contention because *Worley* was not broadly written to cover discovery sought from the defense side of a case.

*Worley* held that the financial relationship between a plaintiff's law firm and treating physicians was not discoverable. *Id.* at 22-23. It ruled that whether a plaintiff's attorney referred a client to a physician for treatment was protected by attorney-client privilege. *Worley* distinguished *Boecher* on several grounds, including that *Boecher* dealt with experts hired for litigation, rather than treating physicians. Treating physicians acquired their expert knowledge for treatment rather than litigation purposes. Their testimony concerned their own medical treatments rather than their opinions on the performance of others. *Id.* at 23 (citing *Fittipaldi USA, Inc. v. Castroneves*, 905 So. 2d 182, 186 (Fla. 3d DCA 2005)). With these distinctions, the court expressed its concern that discovery of the relationship between the law firm and treating physician "would have a chilling effect on doctors who may refuse to treat patients who could end up in litigation out of fear of becoming embroiled in the litigation themselves." *Id.* at 26. *Worley* also distinguished *Boecher* because the law firm from which the discovery was sought was not a party to the case, as was the insurer in *Boecher*. *Id.* at 23.

The petitioner in *Younkin v. Blackwelder*, 44 Fla. L. Weekly D549 (Fla. 5th DCA), *rev. granted*, No. SC19-385, 2019 WL 2180625 (Fla. May 21, 2019), seized on the latter distinction. He argued that post-*Worley*, a nonparty law firm provided by an automobile insurer to represent a defendant should not be required to provide discovery on how frequently

it used an orthopedic surgeon who performed a compulsory medical examination of the plaintiff and about the fees paid to that surgeon. The fifth district disagreed, recognizing that the existing law protected injured plaintiffs from having to disclose information on relationships between doctors and their counsel, but not defendants. In so ruling the court observed the "seemingly disparate treatment in personal injury litigation between plaintiffs and defendants regarding disclosure of this type of relationship." *Id.* at D549-50 (citing *State Farm Mut. Auto. Ins. Co. v. Knapp*, 234 So. 3d 843, 845 n.1 (Fla. 5th DCA 2018)). The court therefore found petitioner's argument that "what is good for the goose is good for the gander" to be compelling, and certified the question of great public importance as follows:

> WHETHER THE ANALYSIS AND DECISION IN *WORLEY* SHOULD ALSO APPLY TO PRECLUDE A DEFENSE LAW FIRM THAT IS NOT A PARTY TO THE LITIGATION FROM HAVING TO DISCLOSE ITS FINANCIAL RELATIONSHIP WITH EXPERTS THAT IT RETAINS FOR PURPOSES OF LITIGATION INCLUDING THOSE THAT PERFORM COMPULSORY MEDICAL EXAMINATIONS UNDER FLORIDA RULE OF CIVIL PROCEDURE 1.360?

*Id.*

The Florida Supreme Court has accepted jurisdiction of this case on the certified question. Since then, the fifth district has certified similar questions to the court in *Salber v. Frye*, No. 5D18-2917, 2019 WL 2062373 (Fla. 5th DCA May 10, 2019), and *Dhanraj v. Garcia*, No. 5D18-2330, 44 Fla. L. Weekly D785 (Fla. 5th DCA Mar. 22, 2019).

We agree that the discovery laws in this context have resulted in disparate and possibly unfair treatment of plaintiffs and defendants. Accordingly, we certify the following question to the Florida Supreme Court as one of great public importance:

> WHETHER THE DECISION IN *WORLEY V. CENTRAL FLORIDA YOUNG MEN'S CHRISTIAN ASS'N.*, 228 SO. 3D 18 (FLA. 2017), SHOULD BE APPLIED TO PROTECT A DEFENDANT'S INSURER THAT IS NOT A PARTY TO THE LITIGATION FROM HAVING TO DISCLOSE ITS FINANCIAL RELATIONSHIP WITH EXPERTS RETAINED FOR PURPOSES OF LITIGATION, INCLUDING THOSE THAT PERFORM COMPREHENSIVE

MEDICAL EXAMINATIONS UNDER FLORIDA RULE OF CIVIL PROCEDURE 1.360?

GROSS, CIKLIN and KLINGENSMITH, JJ., concur.

\*      \*      \*

*Not final until disposition of timely filed motion for rehearing.*