# Supreme Court of Florida

***

No. SC19-385

***

**STEVEN YOUNKIN,**
Petitioner,

vs.

**NATHAN BLACKWELDER,**
Respondent.

October 14, 2021

PER CURIAM.

We accepted review of the Fifth District Court of Appeal's decision in *Younkin v. Blackwelder*, 44 Fla. L. Weekly D549 (Fla. 5th DCA Feb. 22, 2019), in which the district court, in an automobile negligence case, passed upon a question that it certified to be of great public importance regarding whether this Court's decision in *Worley v. Central Florida Young Men's Christian Ass'n*, 228 So. 3d 18 (Fla. 2017), forecloses discovery of the financial relationship, if any, between a personal-injury defendant's nonparty

law firm and the defendant's expert witnesses.  We have jurisdiction.  *See* art. V, § 3(b)(4), Fla. Const.

After the plaintiff requested certain information regarding the financial relationship between the defendant's law firm and the defense's medical expert, the defendant moved for a protective order, but the trial court denied the motion.  *Younkin*, 44 Fla. L. Weekly at D549.  The defendant then filed a petition for writ of certiorari in the Fifth District.  The district court denied the petition, concluding that the trial court's order was consistent with the Fifth District's earlier decision in *Vazquez v. Martinez*, 175 So. 3d 372 (Fla. 5th DCA 2015).  *Younkin*, 44 Fla. L. Weekly at D549-D550.  In *Vazquez*, the Fifth District held that "discovery of the doctor/law firm relationship or doctor/insurer relationship is allowed."  175 So. 3d at 374.  Here, the Fifth District concluded that *Worley*, which held that the attorney-client privilege protects a plaintiff and the plaintiff's nonparty law firm from having to disclose certain information involving the plaintiff's treating physicians, "did not implicitly overrule *Vazquez* or other similar cases."  *Younkin*, 44 Fla. L. Weekly at D550.  Nevertheless, because the Fifth District was concerned "that the law in this area is not being applied in an

even-handed manner to all litigants," the Fifth District certified a question regarding whether *Worley* should be applied to the discoverability of the financial information at issue. *Id.*

In *Dodgen v. Grijalva*, No. SC19-1118 (Fla. Oct. 14, 2021), we have addressed a similar certified question from the Fourth District Court of Appeal in a case involving certiorari review by the district court of a discovery order that had ordered the defendant to produce certain information regarding the financial relationship, if any, between the defendant's nonparty insurer and the defense's expert witnesses. The Fourth District denied the defendant's petition. *Dodgen*, slip op. at 7. However, after expressing concerns similar to those raised by the Fifth District here, the Fourth District certified a question involving whether *Worley* should be applied to preclude discovery of the financial relationship at issue. *Id.* at 1-2, 7. We reframed the certified question, *id.* at 2, distinguished *Worley*, and concluded that, because the trial court's discovery order was consistent with established law, the discovery order did not depart from the essential requirements of the law. *See id.* at 10-14. We thus approved the result reached by the Fourth District. *Id.* at 15.

Our decision in *Dodgen* is controlling here. We thus reframe the certified question as follows:

> Whether it is a departure from the essential requirements of law to permit discovery regarding the financial relationship between a defendant's nonparty law firm and an expert witness retained by the defense?

And we answer in the negative. Because *Worley* is distinguishable, and because the trial court's discovery order was consistent with binding district court precedent, *see Vazquez,* 175 So. 3d at 374, the discovery order did not depart from the essential requirements of the law.

Given the inapplicability of *Worley*, we decline the dissent's invitation to "recede from *Worley*." Dissenting op. at 8. Adopting the dissent's proposal would amount to an unwarranted use of our jurisdiction.

As an initial matter, the dissent's emphasis on the fact that Petitioner may have "*alternatively* [asked the trial court] for an 'extension, modification, or reversal of existing law,'" *id.* (quoting *Younkin,* 44 Fla. L. Weekly at D549), is no basis for receding from *Worley* and in any event ignores the arguments Petitioner presented to the district court and to this Court. At the district court,

Petitioner merely argued that *Worley* was "binding . . . precedent" and that the trial court "failed to apply" *Worley*. It is thus hardly surprising that the question ultimately certified by the district court asked only whether *Worley* "should also apply" to preclude the discovery at issue. *Younkin*, 44 Fla. L. Weekly at D550. In briefing to this Court, Petitioner similarly asks only that *Worley* be extended. Petitioner nowhere argues that *Worley* was wrongly decided or requests that we recede from *Worley*. The only issue properly before this Court is whether *Worley* applies, or should apply, to the trial court's discovery order. And although we have reframed the question as certified by the district court, our opinion nevertheless plainly establishes that *Worley* is not applicable.

Of course, the dissent by no means suggests that *Worley* should be applied here. Instead, the dissent proposes to recede from *Worley*. But the dissent also overlooks that doing so would in no way impact the discovery ruling before this Court. Receding from *Worley*'s discovery prohibition would simply remove the prohibition against the discoverability of certain information sought by a defendant in circumstances different from those presented here. Indeed, the decision in *Worley*, which repeatedly referenced

"treating physicians" and "treatment," hinged on the existence of the treating physician relationship. *See, e.g.*, *Worley*, 228 So. 3d at 25 ("[T]he question of whether a plaintiff's attorney referred him or her to a doctor for treatment is protected by the attorney-client privilege."). The discovery ruling here, on the other hand—i.e., the one denying the defendant's motion for protective order—only involves certain information unrelated to a treating physician sought by a plaintiff. The petition for certiorari challenged no other discovery ruling. At bottom then, the dissent takes issue not with the discovery ruling properly before this Court, but with some other discovery ruling that might be rendered in another case. And our certified-question jurisdiction should not be used—as the dissent proposes—to recede from caselaw when doing so would have no impact on the issue properly before this Court. Certified question jurisdiction is not advisory opinion jurisdiction.

Long ago, Judge Cardozo recognized this fundamental principle of judicial power: "The function of the courts is to determine controversies between litigants. They do not give advisory opinions. The giving of such opinions is not the exercise of the judicial function." *In re Workmen's Comp. Fund*, 119 N.E. 1027,

1028 (N.Y. 1918) (citations omitted).  In line with this elementary and universally recognized principle, we have acknowledged that "every case must involve a real controversy as to the issue or issues presented" and that "the parties must not be requesting an advisory opinion except in those rare instances in which advisory opinions are authorized by the Constitution."  *Dep't of Revenue v. Kuhnlein*, 646 So. 2d 717, 720-21 (Fla. 1994) (citation omitted).  These fundamental principles are not set aside simply because a certified question has been presented.  And zeal to correct an error in the law should not be allowed to precipitate the abrogation of fundamental restraints on the exercise of judicial power.

As in our decision in *Dodgen*, we see no basis for revisiting the established law on the issue presented by this case.  Accordingly, we answer the reframed question in the negative and approve the result reached by the Fifth District.

It is so ordered.

CANADY, C.J., and LAWSON, MUÑIZ, COURIEL, and
GROSSHANS, JJ., concur.
LABARGA, J., concurs in result.
POLSTON, J., dissents with an opinion.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION
AND, IF FILED, DETERMINED.

POLSTON, J., dissenting.

As noted by the Fifth District Court of Appeal below, Petitioner moved in the trial court for a protective order, arguing that *Worley v. Central Florida Young Men's Christian Ass'n*, 228 So. 3d 18 (Fla. 2017), applied to bar discovery *or alternatively* for an "extension, modification, or reversal of existing law." *Younkin v. Blackwelder*, 44 Fla. L. Weekly D549, D549 (Fla. 5th DCA Feb. 22, 2019). The trial court ruled that *Worley* did not apply, and the Fifth District agreed. *See id.* at D549-50. However, the Fifth District recognized that because of *Worley*, there is a compelling case that plaintiffs are receiving more favorable treatment than defendants under the law. *Id.* at D550. I agree. Because *Worley* caused the unequal treatment in the law, this Court should recede from *Worley*. *See Worley*, 228 So. 3d at 29-30 (Polston, J., dissenting). The majority focuses on the narrow issue of whether discovery is permitted in this instance and improperly skips over the larger remaining issue of unequal treatment under the law as argued by Petitioner and recognized by the Fifth District. Unlike the majority, I believe this

issue is properly before the Court and should be remedied by receding from *Worley*.

Applying certiorari review standards, the majority reframed the certified question to whether it is a departure from the essential requirements of the law to permit discovery regarding the financial relationship between a defendant's nonparty law firm and an expert witness retained by the defense and concluded the trial court's ruling allowing the discovery was consistent with established law. *See* majority op. at 4. As ruled by the majority, *Worley*, on its face, does not apply to defendants so it does not bar the discovery in this case. *See* majority op. at 4.

However, the majority does not reach Petitioner's request for an "extension, modification, or reversal of existing law" and declines to reexamine the analysis adopted in *Worley* due to the procedural posture of this case being presented via writ of certiorari and not by plenary appeal. *See* majority op. at 4. As a result, the majority's ruling leaves intact the unequal treatment between plaintiffs and defendants caused by this Court's erroneous ruling in *Worley*. *See* *Younkin*, 44 Fla. L. Weekly at D550 ("Petitioner raises a compelling argument that the law in this area is not being applied in an even-

handed manner to all litigants . . . ."); *see also Dodgen v. Grijalva*, 281 So. 3d 490, 492 (Fla. 4th DCA 2019) ("We agree that the discovery laws in this context have resulted in disparate and possibly unfair treatment of plaintiffs and defendants."); *Levitan v. Razouri*, No. 4D19-2200 (Fla. 4th DCA July 22, 2019) (certifying whether *Worley* applies to preclude an insurance company that is not a party from disclosing financial relationship with experts as a question of great public importance); *Rosenthal v. Badillo*, No. 4D19-1854 (Fla. 4th DCA July 3, 2019) (same); *Salber v. Frye*, 273 So. 3d 192, 193 (Fla. 5th DCA 2019) (same); *Dhanraj v. Garcia*, 44 Fla. L. Weekly D785, D785 (Fla. 5th DCA Mar. 22, 2019) (same). Judge Lambert, on behalf of the Fifth District below, described this unequal treatment with an excellent example:

> [U]nder *Worley*, a plaintiff law firm can refer 100 of its clients to the same treating physician, who may later testify as an expert witness at trial, without that referral arrangement being either discoverable or disclosed to the jury, yet if a defense firm sends each one of these 100 plaintiffs to its own expert to perform a CME under Florida Rule of Civil Procedure 1.360, and then later to testify at trial, the extent of the defense law firm's financial relationship with the CME doctor is readily discoverable and can be used by the plaintiff law firm at trial to attack the doctor's credibility based on bias. *See* § 90.608(2), Fla. Stat. (2016). Nevertheless, this appears to be the present status of the law.

*Younkin,* 44 Fla. L. Weekly at D550. This Court has also previously recognized that unequal treatment in discovery is not appropriate. *See Elkins v. Syken,* 672 So. 2d 517, 522 (Fla. 1996) (ruling on discovery, noting that the decision "is in no way intended to favor either plaintiffs or defendants; it is intended to reach a proper balance to protect the rights of both").

In *Worley,* the plaintiff sought relief through writ of certiorari, and the district court denied the petition and held "that it was appropriate for YMCA to ask Worley if she was referred to the relevant treating physicians by her counsel or her counsel's firm." 228 So. 3d at 21-22. On discretionary review, this Court did not, as the majority does for the case at bar, review only for whether the district court's decision departed from the essential requirements of the law. Instead, this Court created new law by concluding "that the question of whether a plaintiff's attorney referred him or her to a doctor for treatment is protected by the attorney-client privilege." *Id.* at 25. Accordingly, it was this Court in *Worley* that created the uneven-handed treatment now at issue in this case, and only this Court can recede from its erroneous ruling. *See Hoffman v. Jones,*

- 11 -

280 So. 2d 431, 434 (Fla. 1973) (explaining that although district courts are "bound to follow the case law set forth by this Court," they are not "powerless to seek change" and are "free to certify questions of great public interest to this Court for consideration, and even to state their reasons for advocating change").

In *Nader v. Florida Department of Highway Safety and Motor Vehicles*, 87 So. 3d 712, 726-27 (Fla. 2012), this Court concluded that the district court did not exceed the scope of its authority to grant certiorari relief because it corrected a serious error resulting in a miscarriage of justice. The Court stated that district courts of appeal "must be able to correct serious errors resulting in a miscarriage of justice," noting that the certiorari standard must contain "a degree of flexibility and discretion." *Id.* at 727 (quoting the standard from *Haines City Cmty. Dev. v. Heggs*, 658 So. 2d 523, 530 (Fla. 1995)). If district courts of appeal are afforded the flexibility to correct serious errors resulting in the miscarriage of justice, then this Court certainly is as well.

Given the majority's ruling, it appears that *Worley* can only be readdressed on plenary review after a trial court and district court of appeal prohibit discovery from a plaintiff in the same manner as

sought in *Worley*.  I would not require Petitioner to thread that procedural needle.

Because I would recede from *Worley* and require disclosures equally from plaintiffs and defendants, I respectfully dissent.

Application for Review of the Decision of the District Court of Appeal
    Direct Conflict of Decisions/Certified Great Public Importance

    Fifth District – Case No. 5D18-3548

    (Orange County)

Kansas R. Gooden, Miami, Florida, and Geneva R. Fountain, Boyd & Jenerette, PA, Jacksonville, Florida,

    for Petitioner

Mark A. Nation and Paul W. Pritchard of The Nation Law Firm, Longwood, Florida,

    for Respondent

Elaine D. Walter of Boyd Richards Parker Colonnelli, Miami, Florida; and Andrew S. Bolin and Chizom Okebugwu of Bolin Law Group, Tampa, Florida,

    for Amicus Curiae Florida Defense Lawyers Association

William W. Large of Florida Justice Reform Institute, Tallahassee, Florida; and Jason Gonzalez and Amber Stoner Nunnally of Shutts & Bowen LLP, Tallahassee, Florida,

    for Amici Curiae Chamber of Commerce of the United States of America and Florida Justice Reform Institute

John Hamilton of Law Office of John Hamilton of Tampa, P.A., San Antonio, Florida; and Patrick A. Brennan of HD Law Partners, P.A., Tampa, Florida,

   for Amici Curiae Dr. Michael Foley and Dr. John Shim

William T. Cotterall, Tallahassee, Florida; and Bryan S. Gowdy, Florida Justice Association, Jacksonville, Florida,

   for Amicus Curiae Florida Justice Association