# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 5D2023-3234
LT Case No. 2019-CA-008017

———————————————

ELI WOLF,

    Appellant,

    v.

EXYLENA WILLIAMS,

    Appellee.

———————————————

On appeal from the Circuit Court for Duval County.
Bruce R. Anderson, Jr., Judge.

Rhonda B. Boggess, of Marks Gray, P.A., Jacksonville, for
Appellant.

Aaron Sprague, N. Joel Harris, Trevor G. Hawes, Daniel A.
Iracki, and C. Rufus Pennington, III, of Coker Law, Jacksonville,
for Appellee.

John S. Mills, Amicus Chair for the Florida Justice Association,
of Bishop Page & Mills, PLLC, Jacksonville, and Dimitrios A.
Peteves, of Creed & Gowdy, P.A., Jacksonville, amicus curiae, for
Florida Justice Association, in support of Appellee.

November 25, 2024

JAY, J.

    This appeal follows a jury verdict for Exylena Williams, the
plaintiff in a car accident case. Defendant Eli Wolf did not dispute

his negligence. Instead, the trial was a battle of the experts over the severity of the injuries that Williams suffered. Wolf contends that a new trial is required for several reasons. We disagree and write to address two of his claims. In the first, he maintains the court should have applied a new statute that limits evidence concerning medical expenses in personal injury cases. In the second, he alleges the court allowed Williams to improperly tell the jury that he was insured.

## I.

In February 2019, Williams and Wolf had a car accident in Jacksonville. Williams filed suit in November of that year. Wolf admitted that he was negligent and that the accident injured Williams. However, he disputed the extent of her injuries. Williams claimed she suffered permanent spinal damage. Wolf alleged that she had short-term muscle sprains.

Before trial, the parties disagreed about the application of section 768.0427, Florida Statutes. That statute, which became effective in March 2023, restricts evidence of medical expenses in personal injury cases to amounts the claimant paid or would be obligated to pay. Wolf wanted the court to apply the statute to this case, even though the case predates the statute. The court denied Wolf's request.

At trial, Williams used the term "defense organizations," while questioning witnesses about their possible financial connection to the case. Wolf objected, arguing that "defense organizations" was a euphemism to improperly inform the jury that Wolf was covered by an insurance company. The court rejected this argument, ruling that the term "did not imply the existence of liability insurance."

Ultimately, the jury reached verdicts for Williams. It found that she suffered a permanent injury for which it awarded her past and future damages. Wolf appeals.

## II.

Wolf stands by his view that the court should have applied

section 768.0427. He believes that the statute is "procedural or remedial," and therefore, applies here because the case was still pending when the statute became effective. We review this statutory issue de novo. *See Richeson v. South's Custom Constr., Inc.*, 317 So. 3d 1241, 1243 (Fla. 5th DCA 2021).

The insurmountable obstacle facing Wolf's argument is the statute's enacting legislation. It states, "[e]xcept as otherwise expressly provided in this act, **this act shall apply to causes of action filed after the effective date of this act**." Ch. 2023–15, § 30, Laws of Fla. (emphasis added). The legislation further provides that it "shall take effect upon becoming a law." Ch. 2023–15, § 31, Laws of Fla. Wolf acknowledges that this occurred on March 24, 2023. Williams filed her complaint on November 8, 2019.

These provisions comport with our state's constitution, which grants the legislature the power to designate when laws take effect. *See* Art. III, § 9, Fla. Const. Moreover, they belie claims of retroactivity. *See, e.g.*, *Bionetics Corp. v. Kenniasty*, 69 So. 3d 943, 949 (Fla. 2011) ("Tellingly, the enacting legislation simply provides that '[t]his act shall take effect July 1, 2002.' Ch. 2002–77, § 2, at 909, Laws of Fla. Due to the lack of evidence of legislative intent to apply the statute retroactively, we conclude that the safe harbor provision applies prospectively." (alteration in original)); *Fla. Ins. Guar. Ass'n v. Devon Neighborhood Ass'n*, 67 So. 3d 187, 196 (Fla. 2011) ("However, the enacting law specifically states that the amendments to section 627.7015 are to be effective July 1, 2005. *See* ch.2005–111, § 15, at 1092, Laws of Fla. The Legislature also provided differing effective dates for various other sections contained in chapter 2005–111, thus indicating careful thought by the Legislature as to when the various amendments would be given effect."(footnote omitted)); *State, Dep't of Rev. v. Zuckerman-Vernon Corp.*, 354 So. 2d 353, 358 (Fla. 1977) ("The 1977 Legislature's inclusion of an effective date of July 1, 1977, in Ch. 77–281 effectively rebuts any argument that retroactive application of the law was intended."); *Ramcharitar v. Derosins*, 35 So. 3d 94, 98 (Fla. 3d DCA 2010) ("On the contrary, the enacting legislation expressly provided that the revisions to section 440.10 were to become effective on January 1, 2004 . . . . The inclusion of this effective date rebuts the suggestion that the 2003 revision of

3

section 440.10 was intended to apply retroactively.").

Federal courts have made this same observation. *See Mendoza v. Cardwell*, No. 6:23-cv-1352, 2024 WL 1931472, at *2 (M.D. Fla. Mar. 7, 2024) ("The language of [section 768.0427's enacting legislation] is clear that it applies prospectively."); *Goldsmith v. Travelers Indem. Co. of Am.*, No. 8:21-cv-2656, 2024 WL 128017, at *3 (M.D. Fla. Jan. 11, 2024) (noting that "the legislature included a section explicitly defining the law's temporal applicability"); *McConnell v. Costco Wholesale Corp.*, No. 3:22-cv-646, 2023 WL 6439573, at *2 (M.D. Fla. Oct. 3, 2023) ("Here, there is no indication that the legislature intended [section 768.0427] to apply retroactively. Indeed, the statute expressly provides that it applies prospectively."). Accordingly, these courts have rejected the position that Wolf advances in this case. We join them by holding that section 768.0427 applies only "to causes of action filed after the effective date of" its enacting legislation. *See* Ch. 2023–15, § 30, Laws of Fla.

III.

Wolf also claims that a new trial is required because the court allowed Williams to repeatedly reference "defense organizations," which Wolf believes implied the existence of insurance. It is error to introduce "the subject of insurance where insurance is not a proper issue." *Vazquez v. Martinez*, 175 So. 3d 372, 374 (Fla. 5th DCA 2015). However, because "[e]vidence of bias may be found in the financial ties between all of the litigant's agents, including the litigant's law firm or insurer and the expert," a court does not abuse its discretion by allowing a car accident plaintiff to ask defense experts about past payments made "by the defense or its agents." *Id.* at 373. The same goes for asking such experts about how much they were paid by "defense counsel's employer." *See Herrera v. Moustafa*, 96 So. 3d 1020, 1021 (Fla. 4th DCA 2012).

Like these terms, "defense organizations" facilitated legitimate inquiry into possible financial bias without revealing that Wolf was insured. At a minimum, the court did not abuse its broad discretion by ruling that the issue did not warrant a new trial. *See State Farm Mut. Auto. Ins. Co. v. Matthews*, 377 So. 3d 1235, 1237 (Fla. 5th DCA 2024) ("When ruling on a motion for new

4

trial, the trial court has broad discretion."); *Schmidt v. Schmidt*, 373 So. 3d 645, 649 (Fla. 5th DCA 2023) ("Discretion is abused only when no reasonable judge could adopt the view of the trial court.")

IV.

After considering the evidence presented during a lengthy trial, the jury reached a verdict for Williams. Wolf has failed to show that this verdict was the product of reversible error. *See Snowden v. Wells Fargo Bank*, 172 So. 3d 506, 507 (Fla. 1st DCA 2015) ("[T]he burden is on the appellant to make reversible error appear." (quoting *Pan Am. Metal Prods. Co. v. Healy*, 138 So. 2d 96, 97 (Fla. 3d DCA 1962))). Therefore, we affirm.

AFFIRMED.

MAKAR and BOATWRIGHT, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____